Morrill, plaintiff in error, *vs.* Seymour, defendant in error.

Where a debtor, claiming the benefit of the exemption provided by sec. 27, ch. 106, R. S., carries on several kinds of business, the exemption covers only such property as is essentially requisite to enable him to carry on that particular business in which he is wholly or principally engaged.

Error to Jackson Circuit Court.

The defendant in error brought an action of replevin against plaintiff in error in the Jackson County Court, and declared for one span of horses, wagon and harness. Plea, general issue, and thereunder notice justifying the taking by virtue of an attachment issued out of the same court in favor of one Aldrich against defendant in error, and that plaintiff in error was specially deputed by the County Court to serve the attachment, and as such special deputy took the property in question. On the trial, it appeared that the special deputation was made by the County Judge, as at Chambers, and not by the County Court, and for that ground the evidence of such deputation was objected to, but the objection was overruled, and the evidence of the deputation admitted. The defendant in error claimed to hold the property as exempt, under sec. 27, ch. 106, R. S., to enable him to carry on the business of tavern keeping, in which, and also in the business of coopering, it appeared he was engaged at the time the

property was attached.  Considerable evidence was given upon the question, whether the principal business of the defendant in error was tavern keeping or coopering; and upon that point the County Judge charged the jury that "if a person claiming an exemption under the statute be engaged in several different kinds of business, they cannot all be taken into consideration.  It must be confined to one branch of business, that in which he is wholly or principally engaged; that business to which he gives his time or attention.

"In this case you are to determine in the first place, what business the plaintiff was wholly or principally engaged in; whether coopering or tavern keeping.    *    *    *    Although the word 'necessary' is not used in the statute, and cannot be supplied, yet the property claimed to be exempt must be essentially requisite to carry on the business in which the plaintiff is wholly or principally engaged.  Mere convenience, or that the property might be useful in some respects in carrying on his principal business, would not be sufficient to bring the exemption claimed under the provisions of the statute, but the property in question must be essentially requisite in carrying on the business in which he is principally engaged."  To this part of the charge the defendant in error excepted, and the jury found for the plaintiff in error.  The defendant in error removed the cause by certiorari to the Jackson Circuit Court, where the judgment of the County Court was reversed, to review which judgment this writ of error is brought.  Upon the first point raised on the trial in the County Court, as to the validity of the deputation by the County Judge, this Court held that by the County Court law, such deputation could only be made by the County Court, and that the deputation by the County Judge was a nullity; but as there was a plea to the merits in the attachment suit, that was held a waiver of and as curing the defective service.  The County Court law under which this question of deputation arose, having become obsolete, so

much of the reasoning of the Court as refers to that point is omitted.

*A. Blair*, for plaintiff in error.

*Chapman, Higby & Foote*, for defendant in error.

By the Court, COPELAND, J.

The charge of the County Judge I cannot but regard as substantially correct. The eighth subdivision of § 27, chap. 106 of the Rev. Stat., 1846, exempts from levy and sale upon execution or other final process, " the tools, implements, materials, stock, apparatus, team, vehicle, horses, harness, or other things, to enable any person to carry on the profession, trade, occupation or business in which he is wholly or principally engaged, not exceeding in value two hundred and fifty dollars." The exemption clearly does not extend to each and every kind of business in which a debtor may be engaged, but to that in which he is principally or wholly engaged. To give it that construction, to say that the exemption extends to a person's business generally, would render void the words " *wholly and principally*," which would be a violation of the rule of construction, that every word and clause of a statute shall be presumed to have been intended to have some force and effect. If the Legislature had intended to. exempt property to the amount of two hundred and fifty dollars, without regard to the kind, variety or multiplicity of business in which we might happen to be employed, the words " *wholly or principally* " would not have been used.

Again, the statute says the property exempted *shall not exceed* in value two hundred and fifty dollars, evidently contemplating that persons might be engaged in some trade or profession, and that principally or wholly, that would not require so large an amount to be exempted, while in every instance the debtor himself might perhaps think that amount necessary, and

while in every case it might be regarded as convenient and desirable, yet to use the language of the County Judge, not essentially requisite to enable the party to carry on the business in which he is wholly or principally engaged. That these questions are questions of fact and not of law, and were, therefore, properly submitted to the jury, is entirely obvious. Where a party, defendant, is engaged in and carrying on various branches of business, upon any of his property being taken upon exceution or by writ of attachment, which he may consider necessary to enable him to carry on the business in which he is principally engaged, and thus exempt, it would doubtless be competent for him to prove and submit that question to the jury for their determination.

The object of the law is liberal, and praiseworthy. It is in accordance with the spirit of the age. Together with other provisions of our statute, it secures to the poor man the means, if he already possesses it, of gaining a comfortable subsistence for himself and family. It relieves the debtor from the hazard of being stripped of what is necessary to such subsistence, and while in all cases it is the duty of the Court not to extend a statute by construction beyond its obvious import, justice to creditors in giving a construction to this statute, demands that we should not do so.

Let it be certified to the Circuit Court for the County of Jackson, that it is the opinion of this Court, that the judgment of the Circuit Court be reversed, and that of the County Court affirmed.