OAKLAND COUNTY TREASURER v. AUDITOR GENERAL.

1. STATUTES—CONSTRUCTION—REDEMPTION FROM TAX SALES.
   While remedial statutes are construed liberally, the court cannot by construction extend the time or vary the terms of a statute under which the right of redemption from a tax sale may be exercised.

2. SAME—CONSTRUCTION.
   The terms of a statute cannot be extended by construction beyond the obvious import of its language.

3. TAXATION—STATE LAND OFFICE BOARD ACT—MUNICIPAL CORPORATION—APPLICATION TO WITHHOLD LANDS FROM SALE.
   Under provision of the State land office board act requiring the board, after title has vested in the State, to withhold lands from sale upon the application of a municipality therefor, but requiring that the lands be offered for sale the following year if redemption be not had theretofore, the most liberal construction would not give the fee owner an extension of time within which to pay taxes and redeem his land (Act No. 155, § 5, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939).

4. SAME—ADMINISTRATION OF TAX LAWS.
   The proper administration of tax laws is a matter of public importance.

5. SAME—DELINQUENT TAXES—TITLE VESTED IN STATE—PAYMENT BY COUNTY TREASURER.
   The auditor general should have accepted from county treasurer moneys due State as delinquent taxes on land of which the title had become vested in the State after expiration of period of redemption from tax sale where the municipality had made application to withhold the lands from sale and paid the taxes

(58)

within a year from the time the title vested in the State (Act No. 155, §§ 5, 7, Pub. Acts 1937, as amended by Act No. 288, Pub. Acts 1939).

6. STATUTES—CONSTRUCTION.

It is the duty of a court to ascertain the meaning of and to give full force and effect to a statute under consideration and not overlook the purpose of its enactment.

7. SAME—CONSTRUCTION—ABSURDITY.

Unless necessary, statutes should not be construed so as to result in absurdity.

8. SAME—CONSTRUCTION—INFERENCES.

It is the duty of the court to draw inferences from the evident intent of the legislature, as gathered from the law taken as a whole, supplying technical inaccuracies in expression and obviously unintentional mistakes and omissions by implication, from the necessity of making them operative and effectual as to specific things which are included in the broad and comprehensive terms and purposes of the law, and these inferences and implications are as much a part of the law as what is distinctly expressed therein.

9. TAXATION—DELINQUENT LANDS—TITLE IN STATE—REDEMPTION BY MUNICIPAL CORPORATIONS—DEED TO OWNER.

Since after title to tax delinquent land has become vested in the State a municipality is given one year in which to redeem in case it had previously made application to withhold the land from sale, if the statutory owner furnishes money to the municipality with which to redeem the land and the municipality does not desire it for public use, the deed therefor from the State land office board should be made to the owner, such a construction of the State land office board act making the statute operative and effecting the restoration of the property to the tax roll so as to be a source of public revenue (Act No. 155, §§ 5, 7, Pub. Acts 1937, as amended by Act No. 288, Pub. Acts 1939).

10. MANDAMUS—AUDITOR GENERAL—PAYMENT OF DELINQUENT TAXES —DEED TO OWNER—COSTS.

In county treasurer's mandamus proceeding to compel the auditor general to accept payment of delinquent taxes on land within one year after the owner's right to redeem had expired, to withhold land from scavenger sale and convey property to the

owner who had furnished the funds, writ is granted but without costs, a public question being involved (Act No. 155, §§ 5, 7, Pub. Acts 1937, as amended by Act No. 288, Pub. Acts 1939).

Potter and Chandler, JJ., dissenting.

Mandamus by Charles A. Sparks, Oakland County Treasurer, to compel the Auditor General, Conservation Department, and State Land Office Board to accept a sum of money tendered for the purpose of redeeming from a tax sale, to withhold property from a tax sale, and relinquish claim to title. Submitted January 29, 1940. (Calendar No. 40,959.) Writ granted February 10, 1940.

*Charles L. Wilson,* Prosecuting Attorney, and *Harry J. Merritt,* Corporation Counsel, Oakland County, for plaintiff.

*Thomas Read,* Attorney General, and *Edmund E. Shepherd* and *Peter E. Bradt,* Assistants Attorney General, for defendants.

*Burney E. Brower,* Jackson City Attorney; *Orph C. Holmes,* Ferndale City Attorney; *W. C. Hudson,* Royal Oak City Attorney; and *Paul E. Krause,* Detroit Corporation Counsel, and *John H. Witherspoon,* Chief Assistant Corporation Counsel, City of Detroit, *amici curiae.*

North, J. This is an application for mandamus brought by plaintiff, treasurer of Oakland county, based upon the State land office board act (Act No. 155, §§ 5, 7, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 [Comp. Laws Supp. 1940, §§ 3723-5, 3723-7]), against defendants to require the auditor general to accept a sum of money tendered for the purpose of redeeming a parcel of land

from the May, 1938, tax sale; to compel the State land office board to withhold the property forever from the scavenger sale provided for in section 7 of the act; and to command the State of Michigan, and all of its agencies, to relinquish all claim of title to the property involved in favor of Albert Weustenfeld, the former title owner.

The parcel of land is located in Waterford township, Oakland county, formerly owned by Albert Weustenfeld, upon which there were delinquent taxes for 1932 and prior years. May 3, 1938, the lands in question were sold for delinquent taxes under the terms provided for the sale of tax delinquent property (see 1 Comp. Laws 1929, §§ 3451–3467 [Stat. Ann. §§ 7.104–7.120]). Under the most recent of several amendments, it is provided that as to land sold at tax sales in 1938 and 1939, the equity of redemption shall expire at the end of 18 months (1 Comp. Laws 1929, § 3467, as amended by Act No. 52, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 3467]). A decree was entered April 23, 1938, in the circuit court for Oakland county, in chancery, directing that the land be sold May 3, 1938, and that unless the delinquency was paid before that date, "title * * * shall become absolute in the State of Michigan on the expiration of the period of redemption from such sale." Weustenfeld made no attempt to pay the delinquency during the 18 months following May 3, 1938, and upon the expiration of that period, November 3, 1939, title became vested in the State of Michigan.

It is plaintiff's claim that sections 5 and 7 of the State land office board act (Act No. 155, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939) expressly or inferentially extends beyond 18 months the period of redemption.

The State land office board act provides that all lands sold to the State, where the equity of redemption has expired, shall be under the control and jurisdiction of the board, with certain exceptions not relevant here. Section 5, as amended by Act No. 244, Pub. Acts 1939, provides as follows (Comp. Laws Supp. 1940, § 3723–5):

"Any municipality may at any time prior to the sale provided for in section 7 of this act make application to the State land office board for the withholding of the lands in said application from the said sale, for a period of 1 year from the date the title vests in the State, and the said State land office board shall withhold such lands from said sale, which lands shall be held subject to the lien of the city for delinquent taxes and special assessments. In the event the taxes on said lands included in said application are not redeemed or paid by said municipality, such lands shall be offered for sale at the next succeeding sale held the following year as provided in section 7 of this act the same as though said application had not been made and the proceeds of such sale paid *pro rata* to such municipality as provided in section 10 of this act.

"The term 'owner' as used in this act shall mean the owner in fee, mortgagee, land contract vendee, or one having a substantial interest by way of actual investment in the property, priority to be given the one having the largest financial investment in the property.

"The term 'municipality' as used in this act shall mean any county, city, village, township or school district. The term 'taxing unit' as used in this act shall include any municipality as herein defined and any other taxing unit in this State."

Section 7 (Comp. Laws Supp. 1940, § 3723–7) contains the following provision:

"In sufficient time prior to each second Tuesday of February after the vesting of title in the State of

Michigan, the State land office board shall prepare lists of the descriptions of said parcels of land in each county of this State under its jurisdiction and control: *Provided,* That parcels of land conveyed or deeded under section 5 of this act shall be omitted from such lists.''

Weustenfeld, December 7, 1939, paid the township treasurer the money for which the land had been sold to the State. That officer accepted the money, plus the interest and penalties, and then settled with the county treasurer for this tax item. Plaintiff, as county treasurer, tendered the proportion thereof said to belong to the State to the auditor general who refused to accept it on the following grounds: (a) that he had no authority under Act No. 155, Pub. Acts 1937, or any other act, to accept such moneys; (b) that title to the property had vested in the State, subject only to the right of Weustenfeld to bid at the scavenger sale in 1940; (c) that neither Weustenfeld nor any other person or municipality had the right to redeem this property, said right having been completely lost on November 3, 1939; (d) that said property must be offered for sale at the scavenger sale in 1941, and would have been offered at the scavenger sale in 1940 if it had not been withheld by virtue of the application of Waterford township. Plaintiff instituted mandamus.

Plaintiff contends the language of sections 5 and 7 of the State land office board act, as amended by Act No. 244, Pub. Acts 1939, is plain, subject only to a literal interpretation, and not open to construction; that under the express and implied terms of these sections, and especially under section 5 of the act, an owner who has allowed his lands, delinquent for taxes, to be sold and conveyed to the State, and who has failed to redeem his property from such sale within the period of 18 months, is granted, at least inferentially, an extension of one year from the

date on which title became vested in the State within which to redeem; and such redemption may within such period be lawfully effected through the medium of the municipality in which the property is situated by inducing the municipality to apply to the State land office board to withhold the property from the sale provided for in section 7 of the act.

Defendants, on the other hand, contend these provisions upon which plaintiff founds his petition do not expressly or inferentially extend beyond 18 months the period of redemption now established by the general property tax law or grant to a municipality power or authority to accept from a former owner moneys tendered to effect redemption after the statutory time has passed and title has become vested in the State; that the language of section 5 refers to an express grant of privilege formerly embodied in Act No. 155, Pub. Acts 1937, but stricken out by way of amendment in 1939 (Act No. 244, Pub. Acts 1939), and that such language is, therefore, uncertain, indefinite, vague and ambiguous, and warrants resort to legitimate aid to construction, and, in the light of its legislative history, it has become void.

Remedial statutes are to be liberally construed. *Pike* v. *Richardson,* 136 Mich. 414; *Closser* v. *Remley,* 195 Mich. 313.

"But the court cannot by construction extend the time or vary the terms of the statute (of redemption) under which the right may be exercised." 4 Cooley, Taxation (4th Ed.), p. 3071, § 1562.

"The terms of a statute cannot be extended by construction beyond the obvious import of its language. *Morrill* v. *Seymour,* 3 Mich. 64; *Meister* v. *People,* 31 Mich. 99." *City of Detroit* v. *Township of Redford,* 253 Mich. 453.

Even under the most liberal construction of section 5, there is nothing which either expressly or by implication gives the *owner* an extension of time within which to pay taxes and redeem his land. For section 5 provides (Act No. 155, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 3723-5]):

"In the event the taxes on said lands included in said application are not *redeemed or paid by said municipality,* such lands shall be offered for sale at the next succeeding sale held the following year."

The opportunity to pay the taxes and redeem the property after title has become vested in the State, if given at all, is given the municipality, and not the owner. The rights of the owner to redeem are elaborately set forth in section 74 of the general property. tax law as amended (Comp. Laws Supp. 1940, § 3467).

Plaintiff and defendants agree that section 5 requires the State land office board to withhold delinquent land from the February land sale upon proper application to the State land office board by any municipality, and that section 5 states that *at some time* "the taxes on said lands" may be "paid" by any municipality. The sole dispute is as to *when* section 5 permits any municipality to pay the taxes. Defendants contend that a municipality may pay taxes up to the time, but not after, title vests in the State. Plaintiff claims that section 5 permits a municipality to pay the taxes at any time during the year immediately following the vesting of title in the State.

From our consideration of the matter presented we conclude that the relief sought by plaintiff should be granted; and since this is a matter of unusual public importance that our decision should go far

enough to clarify and settle the phase of the law here involved, even though in so doing we give consideration to issues which technically are not essential to decision of the case as presented. Proper administration of tax laws is a matter of public importance. In a tax case, notwithstanding the court was without jurisdiction, Judge COOLEY said:

"Under all the circumstances, we are agreed that an examination of the case on the merits and an opinion thereon, are not only justifiable, but are demanded by considerations of public importance." *Youngblood* v. *Sexton,* 32 Mich. 406, 413 (20 Am. Rep. 654).

We are of the opinion that inasmuch as plaintiff's tender of payment to the auditor general was for delinquent taxes, it was made to the proper official and should have been accepted. But we then meet the practical question not covered by the express terms of the statute and one which gives rise to this mandamus proceeding. It is this: If the auditor general accepts payment of a delinquent tax tendered by a municipality in the exercise of its statutory right to redeem, what then is the duty of the auditor general? Unfortunately the legislature did not expressly state the details of what obviously would be the next step in consummating the purpose of the statute; but what necessarily and justly should be done by the auditor general is ascertainable by necessary implication from the express terms of the statute.

"It is our duty to ascertain the meaning of and to give full force and effect to the statute. We must not overlook the purpose of its enactment." *Thomas* v. *Wayne County Board of Supervisors,* 214 Mich. 72, 80.

"Unless necessary, statutes should not be so construed as to result in absurdity." *People, ex rel. Simmons,* v. *Township of Munising,* 213 Mich. 629.

In another case in order that a statute might be sustained and rendered operative we said:

"It is the duty of the court to—'draw inferences from the evident intent of the legislature, as gathered from the law taken as a whole, supplying technical inaccuracies in expression and obviously unintentional mistakes and omissions by implication, from the necessity of making them operative and effectual as to specific things which are included in the broad and comprehensive terms and purposes of the law; and these inferences and implications are as much a part of the law as what is distinctly expressed therein.' *State, ex rel. Utick,* v. *Polk County Com'rs,* 87 Minn. 325, 337 (92 N. W. 216, 60 L. R. A. 161)." *Attorney General* v. *Railway,* 210 Mich. 227, 257.

The statute now under consideration expressly provides for redemption. Act No. 155, § 5, Pub. Acts 1937, as amended by Act No. 244, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3723–5). But conclusively the legislature did not contemplate that either the State or one of its governmental agencies should retain title to the property after the owner thereof had paid and the State and municipalities had accepted all taxes assessed. It follows that the legislature contemplated and the act as passed necessarily implies that conveyance after payment of the taxes during a period of redemption should be made to someone. The question is to whom.

It seems apparent that the legislature in providing for redemption of delinquent tax lands after the State became vested with title thereto (Act No. 244, § 5, Pub. Acts 1939) omitted details of subsequent procedure on the assumption that in event of such

redemption the applicable portions of the present general property tax law would be followed. See Act No. 206, § 74, Pub. Acts 1893, as last amended by Act No. 52, Pub. Acts 1939, and section 74a, as added by Act No. 282, Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 3467, 3467–1). The right to have a parcel of land of the character here involved withheld from the sale is the sole right of a municipality. And if the parcel is withheld during the statutory year the right to *redeem* under Act No. 244, Pub. Acts 1939, is the sole right of the municipality. It seems plain that under this act the municipality has a right to redeem for only one of two purposes.

If the municipality desires the property for public use it has a right to redeem and retain title to the property, the same as it has a right to purchase it at the sale for that purpose. Act No. 155, § 7, Pub. Acts 1937, as amended by Act No. 244, § 7, Pub. Acts 1939. If the redemption by the municipality is not with the intent of taking the property for public use, obviously there is only one other source to which the title could in justice or in equity be passed, and that is to the owner who has furnished to the municipality the funds with which to redeem.

It follows in event of redemption by a municipality of the property for public use the deed should be to the municipality; but if the redemption is made by the municipality with money paid by the property owner in satisfaction of the delinquent taxes, the deed should be to such owner. The title to the lands involved in this suit having vested in the State and the control and jurisdiction of such lands being in the State land office board (Act No. 155, § 3, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 3723–3]) the deed must of necessity be given by that board. If as between a municipality and a delinquent taxpayer the question should arise as to which has the supe-

rior right, it can then be adjudicated, but herein we express no opinion.

The construction above indicated is justified not only by the fair but by the necessary inferences to be drawn from the express provisions of the statute. Except it be so construed the provisions for redemptions by municipalities in section 5 are wholly meaningless. But if construed as hereinbefore provided we have a workable statute and its obvious purposes accomplished. The property owner, by exercising an eleventh hour permission to redeem through intervention of a taxing unit, will be reinvested with title to his land; the respective taxing units will receive payment of the delinquent taxes; and the property will again be upon the tax roll as a source of public revenue.

This proceeding was instituted against the auditor general, the conservation department, and the State land office board. The prayer for relief is that the auditor general be required to accept the money tendered by plaintiff, that the property be forever withheld from sale for the taxes in question, and the State, acting through its proper agencies, should relinquish, obviously meaning thereby, should convey, all claim of title to the property in question to the delinquent taxpayer Walter Weustenfeld. The relief sought is granted, and, if need be, the writ of mandamus will issue accordingly. A public question being involved, no costs will be awarded.

BUSHNELL, C. J., and SHARPE, McALLISTER, WIEST, and BUTZEL, JJ., concurred with NORTH, J.

POTTER, J. (*dissenting.*) I dissent for the reason the lands in question were sold at the regular tax sale; the equity of redemption has expired; the lands are now the property of the State and are sought to

be sold at scavenger sale to private bidders; the right to withhold the lands offered for sale is vested solely in the municipality and cannot inure to private bidders or owners thereof. 'For these reasons, I dissent from the holding of the majority.

CHANDLER, J., concurred with POTTER, J.