GOODENOW *v.* STATE HIGHWAY COMMISSIONER.

1. TAXATION—SALE FOR DELINQUENT TAXES—REDEMPTION—DEED BY AUDITOR GENERAL.

Title to lands became absolute in the State upon expiration of statutory period for redemption from sale for delinquent taxes and after they had been deeded to the State by the auditor general (CL 1929, § 3467, as amended by PA 1939, No 52).

2. SAME—SCAVENGER SALE—OWNER'S RIGHT TO MATCH BIDS—ASSIGNMENT—DEEDS.

Owner of lands at time of sale for delinquent taxes has, after expiration of time for redemption and deed by auditor general to the State, a nonassignable privilege to match bids at the subsequent sale, hence, former owner's deeds executed after State had acquired absolute title conveyed no title to grantee, where the former owner had not redeemed nor matched bids at the scavenger sale and no municipality had ever requested that the land be withheld from scavenger sale (CL 1929, § 3467, as amended by PA 1939, No 52; PA 1937, No 155, as amended by PA 1939, No 244).

3. SAME—SCAVENGER SALE—WITHHOLDING BY MUNICIPALITY—FORMER OWNER.

The right of a municipality to have lands withheld from scavenger sale held after they have been deeded to the State by the auditor general following nonredemption from sale for delinquent taxes is a right belonging to the municipality and not that of the former owner (PA 1937, No 155, § 5, as amended by PA 1939, No 244).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur, Taxation § 1073.
[2] 51 Am Jur, Taxation §§ 1105, 1107.
[3] 51 Am Jur, Taxation § 1045.

Appeal from Wayne; Miller (Guy A.), J. Submitted October 3, 1951. (Docket No. 19, Calendar No. 43,997.) Decided December 3, 1951.

Bill by Wallace B. Goodenow and another against Charles M. Ziegler, State Highway Commissioner, and others to quiet title to real estate. Decree for plaintiffs. Defendants appeal. Affirmed.

*Mortimer J. Liss* and *Meyer R. Rubin,* for plaintiffs.

*G. Norman Gilmore,* for defendants.

DETHMERS, J. Defendant Gilmore, then owner of the 4 lots in question, defaulted in payment of the 1930 to 1935 taxes. The lots were put up for sale at the May, 1938, tax sale and bid in by the State of Michigan. Gilmore did not redeem within the 18-month period expiring in November of 1939, fixed for that purpose by the statute then in effect. CL 1929, § 3467, as amended by PA 1939, No 52 (CLS 1940, § 3467, Stat Ann 1940 Cum Supp § 7.120). By deed dated August 7, 1940 (and also by later deed), after the 18-month redemption period had expired and title had vested in the State of Michigan but before the lots were sold by the State land office board on so-called scavenger sale, defendant Gilmore and wife conveyed them to defendant Michigan State highway department. No application was made to the State land office board by any municipality to withhold the lots from the scavenger sale. Thereafter said board sold on scavenger sale and conveyed the lots to Herman Domine by deed dated November 25, 1940. The latter and wife conveyed by deed to plaintiffs. They brought this suit praying for decree setting aside the deeds from Gilmore to the State highway department and quieting title

in plaintiffs. From decree granting such relief the defendants appeal.

Did the deeds from Gilmore convey any interest in the lots to the State highway department? At the expiration of the statutory period for redemption in November of 1939 the auditor general deeded the lots to the State and title thereto became absolute in the State of Michigan. *Meltzer v. State Land Office Board,* 301 Mich 541, and cases cited therein. There remained to Gilmore the right to match bids at the subsequent scavenger sale. That right was not assignable. *Redford Union Schools, District No. 1,* v. *State Land Office Board,* 297 Mich 535; *Cobleigh* v. *State Land Office Board,* 305 Mich 434. It was not sought to be exercised by either Gilmore or the State highway department.

Defendants contend, however, that under section 5 of the State land office board act (PA 1937, No 155, as amended by PA 1939, No 244 [CLS 1940, § 3723-1 *et seq.;* Stat Ann 1939 Cum Supp § 7.951 *et seq.*]) any municipality within whose boundaries the lands lie may, at any time prior to the scavenger sale provided for in section 7 of the act, apply for withholding of such lands from such sale and redeem them; that such right of redemption, although exercisable only by a taxing unit, is for the direct benefit of the prior owner who upon payment of the amount necessary to redeem would become entitled to a deed from the State, citing *Oakland County Treasurer* v. *Auditor General,* 292 Mich 58; and that it is that right of redemption which Gilmore conveyed to the State highway department. While it is conceded that no municipality made application to have the lots withheld from the scavenger sale, defendants claim that once the highway department acquired the claimed interest from Gilmore, no taxing agencies thereafter had authority to sell the lots to pri-

vate purchasers under the provisions of the tax laws, citing *Graham* v. *City of Detroit,* 174 Mich 538 (44 LRA NS 836), and *King* v. *School District No. 5,* 261 Mich 605..

In the very case of *Oakland County Treasurer* v. *Auditor General, supra,* relied upon by defendants, this Court, in speaking of the provisions of section 5 of the State land office board act relating to withholding of lands from the scavenger sale, said with respect thereto:

"Even under the most liberal construction of section 5, there is nothing which either expressly or by implication gives the *owner* an extension of time within which to pay taxes and redeem his land. * * * The opportunity to pay the taxes and redeem the property after title has become vested in the State, if given at all, is given the municipality, and not the owner."

The difficulty with defendants' reasoning is that Gilmore had no right under the statute to demand that the lots be withheld from the scavenger sale or to require that any municipality apply for such withholding and, further, that if any municipality had so applied it could have redeemed the lots with its own funds and could not have been compelled by Gilmore to use his funds for that purpose so as to bring his case within the equitable considerations involved in *Oakland County Treasurer* v. *Auditor General, supra.* The hope, if it existed in this case, on the part of Gilmore that a municipality would make application for the withholding of the lots from the scavenger sale and, second, that such municipality would accept and employ his funds for the purpose of redeeming the same in order to entitle him to a deed from the State under our holding in *Oakland County Treasurer* v. *Auditor General, supra,* hopes which were utterly unfounded and unrealized in this case, or even the possibility that such

events might occur, did not constitute an interest in land assignable by Gilmore any more than the right to match bids at the scavenger sale heretofore held by this Court to be nonassignable. After title had vested in the State upon expiration of the period for redemption, the owner had no interest in the land, but only a nonassignable* privilege of matching the bid at the scavenger sale. *James A. Welch Co., Inc.,* v. *State Land Office Board,* 295 Mich 85; *Mount Clemens Savings Bank* v. *State Land Office Board,* 309 Mich 153. After November of 1939, Gilmore had no assignable interest in the lots in question and, in consequence, the State highway department took nothing under the deeds from Gilmore.

Decree affirmed. Costs to plaintiffs.

Reid, C. J., and Boyles, North, Carr, Bushnell, and Sharpe, JJ., concurred. Butzel, J., did not sit.

---

* But for later amendment, not applicable to this case, making privilege assignable, see PA 1937, No 155, § 5a, as added by PA 1941, No 363 (CLS 1945, § 3723.5a, Stat Ann 1950 Rev § 7.955[1]).