DEAN v DEPARTMENT OF NATURAL RESOURCES

1. MOTIONS—DISMISSAL AND NONSUIT—PLEADING—ACCELERATED
   JUDGMENT.
   A defendant's motion to dismiss was properly treated as a motion
   for accelerated judgment where the purpose of the motion was
   clear; no affidavit or other evidence is required if the grounds
   for dismissal appear on the face of the pleading attacked.

2. REAL PROPERTY—STATUTES—REDEMPTION.
   Redemption statutes should be liberally construed in favor of
   persons seeking to redeem property.

3. LIMITATION OF ACTIONS—TAXATION—TAX SALE—STATE TITLE—RE-
   DEMPTION—COLLATERAL ATTACK—STATUTES.
   A judgment that property could be sold at a tax sale in default of
   payment of delinquent taxes and the underlying state title and
   deed are not subject to a former owner's collateral and un-
   timely attack commenced more than 4 years after the execu-
   tion of the deed; the deed and title are absolute where no
   redemption was made; there is a 6 months statute of limita-
   tions for suit to set aside government title (MCLA 211.431)

4. TAXATION—REAL ESTATE TAXES—CITY TAXES—COUNTY TAXES—DE-
   LINQUENT TAXES—KNOWLEDGE—GOOD FAITH—REDEMPTION.
   A plaintiff-property owner who went to the City Treasurer, paid
   an amount of taxes, and received a receipt for city taxes paid
   where county taxes were also due was not relieved from the
   payment of the county taxes; the fact that plaintiff was mis-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit § 53 *et seq.*
   73 Am Jur 2d, Summary Judgment § 13.
   Propriety of summary judgment on part of single or multiple
   claims. 75 ALR2d 1201.
[2] 72 Am Jur 2d, State and Local Taxation § 988 *et seq.*
[3, 5, 6] 72 Am Jur 2d, State and Local Taxation §§ 916 *et seq.,* 1004–
   1010.
   What constitutes "execution" of tax deed beginning or ending
   period for redemption from tax sale. 166 ALR 853.
[4] 72 Am Jur 2d, State and Local Taxation §§ 845, 846, 902, 913.

taken in believing that she was redeeming her property from all delinquent taxes, when in fact only the city taxes were paid, establishes the plaintiff's good faith, but does not show that there was a mistake, fraud, wrong, or fault in the tax collector.

5. Real Property—Taxation—Tax Sale—Redemption—Title of State.

It is well-settled in Michigan that where land is sold at a tax sale and bid in by the state the failure of the owner to redeem within the prescribed time limits results in vesting an absolute fee title on the state.

6. Real Property—Taxation—Tax Sale—Retention of Proceeds— Limitation of Actions—Notice—Constitutional Law.

There was no denial of rights under state or Federal constitutions by reason of a retention by the state of proceeds from the sale and rental of a landowner's property acquired by the state at a statutory tax sale where the landowner had been given sufficient notice of the tax amounts owed and the opportunity for redemption after the sale.

Appeal from Ingham, Jack W. Warren, J. Submitted Division 2 January 8, 1975, at Lansing. (Docket No. 19355.) Decided June 9, 1975. Leave to appeal applied for.

Complaint by Penny Dean against the Michigan Department of Natural Resources, the Treasurer of Genesee County, the Treasurer of the City of Flint, Dudley Adle and Albert G. Adams to set aside a deed by the State of Michigan. Accelerated judgment for defendants. Plaintiff appeals. Affirmed.

*Sinas, Dramis, Brake, Turner, Boughton & McIntyre, P. C.* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jerome Maslowski, Warren R. Snyder* and *Russell E. Prins,* Assistants Attorney General, for the Department of Natural Resources.

Before: DANHOF, P. J., and McGREGOR and D. F. WALSH, JJ.

McGREGOR, J. On October 3, 1973, the Ingham County Circuit Court granted defendants' motion for accelerated judgment against plaintiff, who had instituted the action to set aside a deed by the State of Michigan, after the state had acquired title pursuant to a petition for failure to pay allegedly delinquent Genesee County taxes.

Plaintiff, the owner of certain real estate in Flint, Genesee County, had failed to pay the 1964–65 county taxes. The State Treasurer filed a petition in Genesee County Circuit Court to enforce the payment of these delinquent taxes pursuant to the General Property Tax Act, 1893 PA 206, as amended, MCLA 211.1 *et seq.;* MSA 7.1 *et seq.*

On April 4, 1967, the Genesee County Circuit Court issued a judgment that the amount of taxes, interest, fees, etc. alleged to be delinquent was valid, and that, in default of payment, the property could be sold at a tax sale; further, if the property were not redeemed within one year of such a sale, to be held no later than the first Tuesday of May, 1967, title would become absolute in the state.

Sale of the property was held on the first Tuesday of May, 1967. A deed conveying the property from the State Treasurer to the State of Michigan was executed on June 3, 1968, and was recorded with the Register of Deeds for Genesee County on July 31, 1968.

While these events took place concerning the county tax delinquency, plaintiff also failed to pay her 1964–65 City of Flint property taxes. In January, 1968, plaintiff paid $239.63 for unpaid city taxes. She testified, however, that she believed she was redeeming her property from the 1967 tax

sale by making a full payment of all 1964–65 taxes which she owed. Plaintiff contends that the Flint City Treasurer was responsible for collecting both city and county taxes for property situated in Flint. From July, 1968, through September, 1971, plaintiff was compelled to pay monthly "rental payments" of from $100 to $200 per month for the use of her home, to the State of Michigan and its grantee.

On April 23, 1969, at a public auction, Dudley Adle purchased the property from the state for $10,000; he subsequently sold it to Albert G. Adams. Both of these buyers are codefendants.

On October 4, 1972, plaintiff filed a complaint in the Ingham County Circuit Court against the defendants in the present case, from which we gain the following facts:

Count 1 of the complaint charged that the state deed was invalid because of an effective redemption by plaintiff in 1968;

Count 2 charged the state with unjust enrichment for retaining the $10,000 proceeds from the 1969 sale, in light of the fact that the amount of delinquent taxes, interest and expenses was much lower than that amount.

On October 18, 1972, defendants moved to dismiss plaintiff's complaint, pursuant to GCR 1963, 116. On December 8, 1972, a hearing was held on this motion. On October 3, 1973, the court, treating defendants' motion as one for accelerated judgment, granted the motion, on the grounds that the tax sale was effective and that redemption was not. The court also rejected plaintiff's claim for unjust enrichment. On October 17, 1973, an order for dismissal was entered.

Plaintiff alleges that the trial court erred in

considering the state's motion for accelerated judgment under GCR 1963, 116.

Defendants' motion was apparently made and granted on the ground of subsection 5 of GCR 1963, 116.1, which states:

"In a party's first responsive pleading, or by motion filed not later than his first responsive pleading, a party may demand that service of process be quashed or that judgment be entered dismissing 1 or more claims asserted against him upon any of the following grounds:

*    *    *

"(5) the claim is barred because of release, payment, prior judgment, statute of limitations, statute of frauds, infancy, or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action."

Although defendants' motion was labelled a motion to dismiss, it was proper to treat it as an accelerated judgment motion, since its purpose was clear. *Jamens v Shelby Township,* 41 Mich App 461; 200 NW2d 479 (1972).

Supporting the procedural aspect of defendants' motion, no affidavit or other evidence is required if the grounds for dismissal appear on the face of the pleading attacked, *i.e.,* plaintiff's complaint. Although the complaint asserts that the January, 1968, payment satisfies all of the 1964–65 taxes due, plaintiff's Exhibit "A" is clearly a redemption certificate only for City of Flint taxes due. Exhibit "B" is a June, 1968, deed from the State Treasurer to the State of Michigan. Thus, plaintiff has failed to allege that she had paid all taxes owed, including the Genesee County delinquent taxes which would support a tax sale.

Plaintiff further contends that the trial court erred in holding that plaintiff is precluded from

challenging the state's divestiture of her real estate interest.

Redemption statutes should be liberally construed in favor of persons seeking to redeem property. The prior circuit court judgment and underlying state title and deed are not subject to plaintiff's collateral and fatally untimely attack. No appeal was made from the Genesee County Circuit Court judgment. No action was commenced within the 6 months' deadline to set aside the State Treasurer's deed to the State of Michigan. Plaintiff commenced her action over 4 years *after* the execution of the deed, contrary to MCLA 211.431; MSA 7.661.

Plaintiff cannot attack collaterally the first circuit court judgment. The deed and the title are absolute, since no redemption was made. Under MCLA 211.431; MSA 7.661, there is an absolute 6 months statute of limitations for suit to set aside government title. Plaintiff's redemption efforts were not enough to make inoperative the absolute language of MCLA 211.431 regarding this limitation on suits to vacate the government deed or title.

Plaintiff must be deemed to know that she owed both city and county taxes on her property. She went to the City Treasurer, paid an amount of taxes, and received a receipt for city taxes paid. The fact that she paid both taxes in the same place and was mistaken in believing that she was redeeming her property from all delinquent taxes establishes her good faith, but does not show that there was a "mistake, fraud, wrong, or fault" in the tax collector. Because of this, the absolute language of MCLA 211.431, and the delay of 4 years before plaintiff challenged the divestiture, the trial court is affirmed on this issue.

Plaintiff further contends that the Department of Natural Resources was unjustly enriched by the state's receipt of $10,000 from the sale of her property and from the collection of rent from the plaintiff, to the extent that these sums exceed the amount of delinquent taxes, interest and expenses owed, as of June 3, 1968. The trial court dismissed this contention as follows:

"In the case at hand, while plaintiff claims unjust enrichment and that she wrongfully paid money to rent the premises following such sale, it is apparent that her suit in fact is one directed at vacating and annulling the deed and the title derived thereunder."

It is well-settled in Michigan that, where land is sold at a tax sale and bid in by the state, the failure of the owner to redeem within the prescribed time limits result in vesting an absolute fee title in the state. *Goodenow v State Highway Commissioner,* 331 Mich 469; 50 NW2d 130 (1951), *Langford v Auditor General,* 325 Mich 585; 39 NW2d 82 (1949). No matter how great the difference between the expenditure made by a tax sale purchaser and the actual value of the land, a court cannot help out the original owner. *Chandler v Richardson Lumber Co,* 181 Mich 309; 148 NW 199 (1914). The method of sale of land for delinquent taxes in Michigan is well established. *In re Petition of Auditor General,* 275 Mich 462; 266 NW 464 (1936).

There is no evidence that plaintiff was misled by anything said by the City Treasurer as to plaintiff's redemption for *all* taxes owed. Dismissal of the unjust enrichment count, although expressed for the wrong reasons, was correct.

Plaintiff raises for the first time on appeal the constitutionality of the retention of the proceeds

from the sale and rental of the property after it had been divested from her because of tax delinquency. The only provision of the Michigan and United States Constitutions raised in this argument is that plaintiff was denied equal protection of the laws. This argument is based on the statute, MCLA 211.47; MSA 7.91, which gives the City Treasurer the power to seize personal property sufficient to pay delinquent taxes, but orders the return of excess money derived from the sale. However, plaintiff was given one full year to redeem her property by payment of the amount owed. This year, plus the 6 months statute of limitations, passed without objection by the plaintiff. Even if she was not aware at the time she paid her city taxes that such payment would not effectuate a redemption, the notification in July, 1968, that she would be expected to pay rent on the property should have alerted her to raise an objection well within 6 months after the property was deeded to the State of Michigan.

No allegation has been made that the state failed to give sufficient notice of the amount owed and the opportunity for redemption. See 17 Callaghan's Michigan Digest, Taxes, §§ 427–440. The trial court acted correctly in granting the defendants' motion for accelerated judgment.

Affirmed.