**Norbert L. CODY et al., Appellants,**

v.

**UNION ELECTRIC, a Missouri Corporation, et al., Appellees.**

No. 75–1093.

United States Court of Appeals, Eighth Circuit.

Submitted June 11, 1975.

Decided July 17, 1975.

Rita M. Montgomery, St. Louis, Mo., for appellants.

Francis X. Duda, St. Louis, Mo., for appellees.

Before BRIGHT, Circuit Judge, KILKENNY, Senior Circuit Judge,* and WEBSTER, Circuit Judge.

PER CURIAM.

■ This action is before us following entry by the District Court of an order dismissing plaintiffs' cause of action against Union Electric Co., wherein they had sought injunctive and monetary relief for alleged occurrences of racial discrimination with respect to the amount of security deposits required for electric service. Jurisdiction was invoked pursuant to 42 U.S.C. §§ 1981 and 1983, but the District Court sustained a motion to dismiss the complaint for lack of jurisdiction, relying upon *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974), which held that a public utility is not by the fact of regulation converted into an instrumentality of the state for the purpose of supplying the necessary element of state action in a 42 U.S.C. § 1983 case. That decision does compel dismissal of that part of plaintiffs' claim founded upon 42 U.S.C. § 1983.

■ On the other hand, the complaint does allege a claim cognizable under 42 U.S.C. § 1981.[1] State action is not a prerequisite to a suit under that statute. *Brady v. Bristol-Meyers, Inc.,* 459 F.2d 621 (8th Cir. 1972), *citing Jones v. Alfred H. Mayer Co.,* 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968). Civil rights complaints are to be liberally construed, *see Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Cruz v. Cardwell,* 486 F.2d 550, 551–52 (8th Cir. 1973). Plaintiffs' complaint alleges that black business customers of Union Electric were required to pay greater security deposits than white customers solely on account of their race. Sufficient nonconclusory allegations of fact are set forth to invoke the court's jurisdiction under 42 U.S.C. § 1981, and we cannot say at this stage of the proceedings that plaintiffs can prove no set of facts which will entitle them to relief under that statute. *Cruz v. Cardwell, supra.* The fact of damage is inherent in such an allegation, if proved. *Cf. Hernandez v. Erlenbusch,* 368 F.Supp. 752 (D.Ore. 1973); *Gonzales v. Fairfax-Brewster School, Inc.,* 363 F.Supp. 1200 (E.D.Va. 1973). We think the District Court may have been misled by the emphasis upon 42 U.S.C. § 1983 in the complaint, but in any event it was error to dismiss the § 1981 claim in reliance upon *Jackson v. Metropolitan Edison Co., supra.*

We affirm the dismissal of the § 1983 claim and reverse and remand for further proceedings under the § 1981 claim. The District Court still has before it a motion to strike. The District Court has the means and discretion to require an appropriate amendment to the complaint in order to limit the allegations to a § 1981 claim.

---

* The Honorable John F. Kilkenny, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. 42 U.S.C. § 1981 provides:

   Equal rights under the law
   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.