HOLMES v HAUGHTON ELEVATOR COMPANY

1. STATUTES—FAIR EMPLOYMENT PRACTICES ACT.

The Michigan Fair Employment Practices Act, being a remedial statute, is to be liberally construed (MCLA 423.301 *et seq.;* MSA 17.458[1] *et seq.).*

2. CIVIL RIGHTS—EMPLOYMENT—ACTION—FAIR EMPLOYMENT PRACTICES ACT—STATUTES.

A plaintiff may maintain a civil damage action for redress of his statutorily created right to be free from discrimination in private employment in addition to pursuit of a remedy through the statutory machinery of the Fair Employment Practices Act (MCLA 423.301 *et seq.;* MSA 17.458[1] *et seq.).*

3. CIVIL RIGHTS—CIVIL RIGHTS COMMISSION—EMPLOYMENT—AGE DISCRIMINATION—COURTS—JURISDICTION.

Failure of a plaintiff to file with the Civil Rights Commission a timely claim of age discrimination on the part of his employer does not affect the subject-matter jurisdiction of the circuit court to consider the plaintiff's allegations in a civil damage action.

4. JUDGMENT—ACCELERATED JUDGMENT—COURTS—JURISDICTION.

Accelerated judgment is not properly granted to a defendant where the plaintiff has pleaded a prima facie case in a court which has subject-matter jurisdiction.

Appeal from Wayne, John D. O'Hair, J. Submitted February 3, 1977, at Detroit. (Docket No. 30097.) Decided April 19, 1977. Leave to appeal applied for.

Complaint by Kenneth P. Holmes against Haughton Elevator Company for damages for al-

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes § 290.
[2] 15 Am Jur 2d, Civil Rights § 352.
[3] 15 Am Jur 2d, Civil Rights § 361.
[4] 46 Am Jur 2d, Judgments § 446.

leged age discrimination by Haughton, plaintiff's employer. Accelerated judgment for defendant. Plaintiff appeals. Judgment vacated and case remanded.

*James F. Finn,* for plaintiff.

*Riley & Roumell* (by *John F. Brady*), for defendant.

Before: N. J. KAUFMAN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

O'HARA, J. The question presented by this case is really "what policy should an intermediate appellate court follow in applying a holding of that court's constitutional superior, the Michigan Supreme Court?" In this case this Court can apply the precedential opinion narrowly as did the trial court, or it can apply it broadly as plaintiff-appellant urges it should be applied.

The material facts are not in dispute. Plaintiff's employment by defendant was terminated. He claims it was discriminatory by reason of his age. Defendant says whether or not is not the point. Plaintiff didn't file his charge of discrimination with the Civil Rights Commission until more than 180 days after the alleged discriminatory act. This failure, says defendant, is jurisdictional; clearly 90 days is the limit. Defendant also contends the Civil Rights Commission route is plaintiff's exclusive remedy.

"Not so," replies plaintiff, "I have an action at law enforceable in any court with jurisdiction of the subject matter. I can seek to enforce this right irrespective of whether I blew it at the administra-

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tive level or not. The Commission route is not the exclusive remedy."

So there we are. Does *Pompey v General Motors Corp,* 385 Mich 537; 189 NW2d 243 (1971), indisputably control? Defendant urges that we disregard it because *Pompey* was a racial discrimination case and its effect should be limited to racial discrimination cases. Able counsel for defendant argues that because *Pompey,* at 551, by its terms uses the phrase, "this *specific* civil right" (emphasis supplied) the impact of the decision should be limited to a right based on racial discrimination only, thus, we should so limit it. The statute involved, the Fair Employment Practices Act, MCLA 423.301 *et seq.;* MSA 17.458(1) *et seq.,* recites that "[t]he opportunity to obtain [retain] employment without discrimination because of * * * age * * * is hereby recognized as and declared to be a civil right".

If age then is a defined civil right should we properly wait until our Supreme Court extends *Pompey* in express terms to age? We cannot with judicial candor answer affirmatively. The statute is remedial. Remedial statutes are to be liberally construed. *Oakland County Treasurer v Auditor General,* 292 Mich 58; 290 NW 327 (1940).

*Pompey* shoots down the exclusivity argument in unequivocal terms:

"We hold that plaintiff can maintain a civil damage action for redress of his statutorily created right to be free from discrimination in private employment, and that this remedy may be pursued in addition to the remedial machinery provided by statute." *Pompey, supra,* 560.

Next we examine defendant's contention that

the circuit court lacked subject-matter jurisdiction because of the time limitations contained in FEPA, MCLA 423.307; MSA 17.458(7).

There is a vast deal of difference between subject-matter jurisdiction and jurisdiction to grant or deny a remedy because of what may loosely be called affirmative, or even jurisdictional defenses. Once they were known as defenses in bar. The statute itself and *Pompey, supra,* answer:

"it is transparently clear that plaintiff * * * is asserting a cumulative judicial remedy for redress of his civil right to freedom from discrimination in private employment." *Pompey, supra,* 551.

The trial court had subject-matter jurisdiction that could not be affected by the defense of plaintiff's tardiness in filing for his statutory remedy.

We add a possibly unnecessary caveat. We never reach the merits as the trial court did not reach the merits. For all we know the proofs adduced may reveal this is not an age discrimination case at all. All we here narrowly hold is that plaintiff pleaded a prima facie case in a court with subject-matter jurisdiction. As such it was not susceptible of disposition on motion for accelerated judgment. Plaintiff's complaint, all material matters therein well-pleaded, taken as true, stated a cause of action. Thus disposition is not proper on the motion as made.

The order granting accelerated judgment to defendant is vacated, the cause is remanded to the trial court for such proceedings consistent with this opinion as may properly ensue.

Costs to plaintiff-appellant.