Mary Lou **WEISSER**

v.

**MEDICAL CARE SYSTEMS, INC.**

Civ. A. No. 77–812.

United States District Court, E. D. Pennsylvania.

June 15, 1977.

Thomas C. Branca, Lansdale, Pa., for plaintiff.

Alan Morris Feldman, Philadelphia, Pa., for defendant.

## OPINION

GORBEY, District Judge.

Jurisdiction as to count one of the complaint is alleged on the basis of diversity of citizenship and the requisite jurisdictional amount, $10,000, exclusive of interest and costs. Plaintiff is a resident and citizen of Pennsylvania, and the defendant is a business corporation organized under the laws of the State of Delaware, with its principal place of business located at Alstead, New Hampshire.

It is alleged that defendant instituted a complaint in equity in the Court of Common Pleas of Montgomery County, Pennsylvania, accusing plaintiff of slander, libel, and malicious and tortious interference with a contract between defendant and a third party. Also, that the suit was instituted without just or reasonable cause, was willful and malicious and for the sole purpose of intimidating plaintiff from speaking out on issues of community and public concern and from exercising her constitutional rights to free speech. It is further alleged that the aforementioned equitable proceedings terminated in favor of the plaintiff herein.

Alleging that as a result of the above action, plaintiff has been brought into ill repute among her community, has undergone great suffering of the mind, has been subjected to great humiliation, and has otherwise been greatly injured and damaged, plaintiff demands compensatory damages in the sum of $100,000, and punitive damages

in the amount of $50,000, costs and reasonable attorney's fee.

In count two plaintiff asserts a cause of action under Title 42 § 1983 of the United States Code, jurisdiction of the court being grounded upon 28 U.S.C. § 1343.

It is alleged that the aforementioned equitable action was instituted under color of authority conferred upon defendant by the laws of the Commonwealth of Pennsylvania, was unlawful, without just and reasonable cause, willful, malicious, and designed and instituted to subject plaintiff to a deprivation of her right of freedom of speech and expression as guaranteed to her by the First Amendment of the Constitution of the United States, and was further instituted in retaliation for her honest and forthright criticism of the building of a new hospital in her community.

As respects count two, plaintiff demands compensatory damages in the amount of $100,000 and punitive damages in the amount of $50,000, costs, reasonable attorney's fees, and such other relief as may be proper.

Defendant has filed a motion to dismiss or in the alternative for summary judgment.

With respect to count one, defendant contends that the plaintiff has failed to state a claim upon which relief can be granted. Defendant relies upon *Baird v. Aluminum Seal Company*, 250 F.2d 595 (3d Cir. 1957); *Jacquard Knitting Machine Co. v. Ardnance Gauge Co.*, 108 F.Supp. 59 (E.D.Pa.1952), aff'd., 213 F.2d 503 (3d Cir. 1954); *Simkins Ind., Inc. v. Fuld & Co., Div. of Met. Gr., Inc.*, 392 F.Supp. 126 (E.D.Pa.), a case decided February 12, 1975.

The *Baird* case is an important case in which the distinction was made between the tort of *malicious use* of process, and that of *malicious abuse* of process and the allegations which are necessary to state a cause of action. In that case the court said that it was well settled that there is no cause of action unless a person has been arrested or his property seized, no matter how groundless and unfounded the actions

may be; a mere indirect injury to a person's credit or to his name is insufficient for maintenance of such an action.

In the *Simkins* case it is stated that: "Under Pennsylvania law, no action lies to recover damages for the prosecution of a civil suit, however unfounded, where there has been no actual interference with either the person or property of the defendant." *Id.*, p. 129.

If that is still the law of Pennsylvania, it is apparent that no cause of action has been stated since there is no allegation that plaintiff has been arrested or her property seized.

The aforementioned Pennsylvania rule was followed in 1883 in the case of *Muldoon v. Rickey*, 103 Pa. 110. In its opinion the court wrote:

"Again, Mr. Justice Sharswood, in the case of *Mayer v. Walter*, 14 P.F.S. 283, has without qualification declared, that a mere suit, however malicious or unfounded, cannot be made the ground of an action for damages. Says the learned Justice, 'The person be not arrested, or his property seized, it is unimportant how futile and unfounded the action may be, as the plaintiff, in consideration of law, is punished by the payment of costs' ". *Id.*, pp. 13, 14.

It should be noted that the latest of the two federal cases previously cited, was decided on February 12, 1975, and of course, was consistent with the *Baird* case.

On November 26, 1975, the Supreme Court of Pennsylvania in *Bell v. Beneficial Consumer Discount Company*, 465 Pa. 225, 348 A.2d 734, 739, had before it the question whether an order dismissing class aspects of a suit is a final and appealable order, and wrote:

"Any suggestion that allowing appeals from such orders will encourage class actions by unscrupulous individuals more anxious to blackmail defendants into settlement than to adjudicate the merits of the claim underestimates the legal and professional sources available to combat such abuses of the judicial process.[19]"

In footnote 19 we find, *inter alia:*

"  .  .  .   See also Restatement of Torts, § 674 (1938 ed.):

'One who initiates or procures the initiation of civil proceedings against another is liable to him for the harm done thereby, if

(a) the proceedings are initiated

(i) without probable cause, and

(ii) primarily for a purpose other than that of securing the adjudication of the claim on which the proceedings are based, and

(b) except where they are ex parte, the proceedings have terminated in favor of the person against whom they are brought.' "

Having given its approval to § 674 of the Restatement of Torts (1938 ed.), it is reasonable to conclude that such would extend to § 674 of the Restatement of Torts, Second (1976) which states:

"One who takes an active part in the initiation, continuation or procurement of civil proceedings against another is subject to liability to the other for wrongful civil proceedings if

(a) he acts without probable cause, and primarily for a purpose other than that of securing the proper adjudication of the claim in which the proceedings are based, and

(b) except when they are ex parte, the proceedings have terminated in favor of the person against whom they are brought."

■ The motion of defendant to dismiss count one for failure to state a claim upon which relief can be granted is denied, without prejudice to the right to renew, should later decisions of either the Court of Appeals for the Third Circuit or Pennsylvania Appellate Courts hold contra to the view here expressed.

■ Count two is alleged to arise under Title 42 U.S.C. § 1983. Insofar as it may be interpreted to assert a cause of action for defamation, it is clear that it must be dismissed for failure to state a claim upon which relief can be granted. It is elementary that § 1983 does not give rise to a cause of action for defamation. *Everett v. City of Chester,* 391 F.Supp. 26 (E.D.

Pa.1975), since defamation involves no infringement of a constitutional right. *Schumate v. People of State of New York,* 373 F.Supp. 1166 (S.D.N.Y.1974). See also: *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 1159, 47 L.Ed.2d 405 (1976).

■ Section 1983 affords plaintiff no cause of action for alleged abuse or misuse of process since it relates to state action and not that of individual persons or corporations. *Collins v. Hardyman,* 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1971); *Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961).

Furthermore, § 1983 does not confer jurisdiction. The jurisdictional counterpart of that section is 28 U.S.C. § 1343(3) which states that:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

. . .

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States.

. . . "

Plaintiff contends that defendant acted under color of law of Pennsylvania to deprive her of her right to freedom of speech and expression as guaranteed by the First Amendment.

■ When an act of a corporation is claimed to have been under color of law and to have resulted in the deprivation of any right, privilege or immunity secured by the Constitution, the state must be involved to a significant extent in order for the court to have jurisdiction under § 1343(3). *Burton v. Wilmington Parking Authority, supra.* The only state action apparent from the allegations is that the state provided the court in which defendant filed an action which resulted in a dismissal. An open courthouse door does not, per se, constitute state action. *Girard v. 94th Street & Fifth Avenue Corp.,* 396 F.Supp. 450 (S.D.N.Y. 1975).

Plaintiff, in the memorandum contra defendant's motion to dismiss makes the statement that "Moreover, notice pleading is all that is required under Rule 8 of the Federal Rules of Civil Procedure, which means that the pleadings are little more than general indication of the type of litigation involved.". Such conclusion overlooked that in this Circuit, plaintiffs in civil rights cases are required to plead facts with specificity. *Kauffman v. Moss*, 420 F.2d 1270, 1275–76 (3d Cir. 1970), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970).

It follows therefore that count two must be dismissed for failure to state a claim upon which relief can be granted.