**Jessie M. SCHROEDER, Plaintiff,**

v.

**DAYTON–HUDSON CORPORATION, a Foreign Corporation, doing business in Michigan under the assumed name J. L. Hudson Company, Defendant.**

Civ. No. 75–71935.

United States District Court, E. D. Michigan, S. D.

June 30, 1978.

See also D.C., 456 F.Supp. 652.

David Melkus, Flint, Mich., for plaintiff.

Timothy K. Carroll, Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for defendant.

## AMENDED OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR REHEARING

CORNELIA G. KENNEDY, Chief Judge.

Plaintiff, Jessie M. Schroeder, has moved for rehearing of that part of this Court's August 19, 1977 decision dismissing her claim of age discrimination under the Michigan Fair Employment Practices Act (FEPA). *Schroeder v. Dayton-Hudson Corp.*, 448 F.Supp. 910 (E.D.Mich.1977). In its opinion, the Court held that her claim was barred by the plaintiff's failure to file a complaint with the Michigan Civil Rights Commission (CRC) within ninety days after the alleged act of discrimination as required by the law then in effect. *See* Mich.Comp. L.Ann. § 423.307(b). The last act of discrimination occurred when she was removed from her job October 17, 1972. However, neither party argued the effect of the fact that the FEPA had been repealed and replaced by the Michigan Civil Rights Act, Mich.Comp.L.Ann. §§ 37.2101–37.2804 (Supp.1978), which was effective March 31, 1977. The Civil Rights Act now provides that an aggrieved person can commence an action with either the CRC, § 37.2603, or a circuit court, § 37.2801. It is the plaintiff's position that this act should be applied retroactively. If retroactive effect is given, then the plaintiff's failure to file a complaint with the CRC would no longer bar her claim in this Court. In the alternative, the plaintiff requests that the Court either certify this question to the Michigan Supreme Court or await the Supreme Court's decision in *Holmes v. Haughton Elevator Co.*, 75 Mich.App. 198, 255 N.W.2d 6, *leave to appeal granted*, 402 Mich. 817 (1977). One question which the Michigan Supreme Court will review in that case is

> whether this Court's holding in *Pompey v. General Motors Corp.*, 385 Mich. 537, 189 N.W.2d 243 (1971), which recognized a separate judicial damages action in a case of alleged racial discrimination in private employment, should be extended to recognize a similar action in a case which involves alleged age discrimination in employment.

This Court has been advised that a decision may not be expected in that case for a considerable length of time.

The Michigan Supreme Court has not yet issued an opinion on the retroactive application of the Civil Rights Act. However, there is sufficient Michigan case law to guide this Court in rendering a decision consonant with the probable outcome in the Michigan Supreme Court should it be asked to decide the issue in the future.

In reaching its decision in the present case, this Court is guided by the liberal interpretation which the Michigan courts have given civil rights claims. *Pompey v. General Motors*, 385 Mich. 537, 559–60, 189 N.W.2d 243 (1971). In general, the state courts have long held that upon amendment of a procedure, the only means of pursuing the previously existing remedy is that provided by the amendment, *see, e. g., Lafayette Transfer & Storage Co. v. Michigan Public Utilities Commission*, 287 Mich. 488, 491, 283 N.W. 659 (1939), and it will be held to operate retrospectively unless the legislature has clearly shown a contrary intention. *See, e. g., McAvoy v. H. B. Sherman Co.*,

401 Mich. 419, 457, 258 N.W.2d 414 (1977); *Ballog v. Knight Newspapers, Inc.*, 381 Mich. 527, 533–34, 164 N.W.2d 19 (1969). This is particularly true when the legislation is remedial in nature. *See, e. g., Turner v. General Motors Corp.*, 70 Mich.App. 532, 542, 246 N.W.2d 631 (1976); *modified sub nom., McAvoy v. H. B. Sherman Co., supra.* The Michigan Civil Rights Act and its predecessor, the FEPA, can both properly be characterized as remedial legislation. *See Pompey v. General Motors Corp., supra,* 385 Mich. at 552, 189 N.W.2d 243; *Holmes, supra,* 75 Mich.App. at 200, 255 N.W.2d 6; *cf.* §§ 37.2102, 37.2705. There is no reason to believe that the Michigan Supreme Court would not decide that the Civil Rights Act's procedural revisions should not be applied retroactively in this case.

Defendant urges that the three-year statute of limitations on plaintiff's claim ran before the effective date of the Civil Rights Act and its procedural changes. However, plaintiff's case was pending at that time. Defendant had full notice of plaintiff's claims. Thus the traditional purposes served by the statute of limitations, *e. g.*, notice of the claim and opportunity to investigate, are not defeated by holding it retroactive. Since the Michigan Civil Rights Act is retroactive, plaintiff's claim is not barred by failure to file a complaint with the CRC within ninety days of her injury.

The motion for rehearing by the plaintiff is GRANTED. The request for certification to the Michigan Supreme Court is DENIED.

IT IS SO ORDERED.