**Marsha WHITE et al., Plaintiffs,**

v.

**WALNUT HILL TELEPHONE COMPANY, INC., et al., Defendants.**

**No. 79–4035.**

United States District Court,
W. D. Arkansas,
Texarkana Division.

Nov. 2, 1979.

David J. Manley, John A. Buckley, East Texas Legal Services, Texarkana, Tex., for plaintiffs.

Donald H. Henry, Tom S. Lovett, Little Rock, Ark., for defendants.

ARNOLD, District Judge.

## ORDER

The plaintiffs are black residents of Lafayette County, Arkansas. Their primary claim is that the Walnut Hill Telephone Company, a public utility, and two of its officers, are refusing to provide them with telephone service because they are black. Plaintiffs ask for injunctive and declaratory relief, and compensatory and punitive damages. Causes of action are alleged under 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986. Jurisdiction is asserted under 28 U.S.C. §§ 1343(3) and (4) and 28 U.S.C. § 2201; the plaintiffs further ask that the Court decide pendent breach-of-contract and tort claims.

The defendants filed a timely motion to dismiss on several grounds. The parties have fully briefed the issues. For the reasons which follow, the motion to dismiss will be denied in most respects, but the proceedings in this litigation will be stayed pending a ruling from the Arkansas Public Service Commission on the administrative complaint filed by Peter Cullins in case number U–2967.

■ The defendants first argue that plaintiffs have failed to state a cause of action under 42 U.S.C. §§ 1981, 1982, 1983, 1985, or 1986. The central thrust of defendants' argument is that there is no constitutional right to telephone service, and such a proposition is undoubtedly true in the abstract. This argument is not determinative, however, for it is fundamental that once service is extended to some customers it may not be denied others on grounds of race. The plaintiffs, by virtue of §§ 1981 and 1982, have the same right to contract for telephone service as white persons, and it follows that the complaint states a claim under these laws. *Cody v. Union Electric Co.*, 518 F.2d 978 (8th Cir. 1975).

■ To sustain a claim under 42 U.S.C. § 1983, it must be shown that the defendants acted under color of state law. The defendants argue that extensive state regulation, standing alone, is insufficient to convert otherwise private business operations into state action. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974); *Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 72 S.Ct. 813, 96 L.Ed. 1068 (1957). It may be that the activities and status of these defendants are different from those of the defendants in these two cases, but no distinguishing facts have been brought to the Court's attention. The § 1983 claim is dismissed.

■ 42 U.S.C. § 1985(3) states in part that it is unlawful for "two or more persons [to] conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws." The complaint alleges that the defendant corporation conspired with two of its officers, defendants Judd and Garrett, to deny phone service to plaintiffs on account of race. While these allegations sufficiently assert a racial or class bias—necessary elements of a § 1985 cause of action, *Jones v. United States*, 536 F.2d 269, 271 (8th Cir. 1976)—they fail to assert an actionable conspiracy. The requirement that "two or more persons" conspire is not met where a corporation and its agents engage in an illegal course of conduct. A corporation cannot "conspire" with itself, and in the eyes of the law a corporation and its agents are a single person. *Baker v. Stuart Broadcasting Co.*, 505 F.2d 181 (8th Cir.1974); *Schroeder v. Dayton-Hudson Corp.*, 448 F.Supp. 910, 915 (E.D.Mich.1977), *modified on other grounds*, 456 F.Supp. 650 (E.D. Mich.1978). The plaintiffs' § 1985 claim will therefore be dismissed, and with its rejection the claim under § 1986 must also fail. *Hahn v. Sargent*, 523 F.2d 461, 470 (1st Cir. 1975); *cf. Tollett v. Laman*, 497 F.2d 1231, 1233 (8th Cir. 1974).

In summary, the plaintiffs have stated claims under §§ 1981 and 1982. It follows

that the Court has jurisdiction under 28 U.S.C. § 1343(3) and (4), and may grant declaratory relief under 28 U.S.C. § 2201, injunctive relief, and damages if appropriate.

■ The defendants next argue that the Court does not have jurisdiction to entertain the pendent state-law claims. The plaintiffs allege that the defendants have on several occasions expressly promised phone service, and that the failure to keep these promises is a breach of contract. Further, the plaintiffs allege that they have given security deposits to the defendants which have been kept for a period of time and then returned without interest and without the provision of phone service, and that these acts constitute "actionable fraud and conversion, if not outright theft of property." If the constitutional claims made by the plaintiffs are substantial, and if the pendent claims and the constitutional claims arise from a common nucleus of operative fact, the Court has jurisdiction to entertain the pendent claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1975). Until the record is much more complete, it would be difficult to evaluate the substantiality of the constitutional claims. On this record the Court is unable to say that the state-law claims and the constitutional claims do not derive from a common nucleus of operative fact. For the present, the motion to dismiss these claims must therefore be denied.

■ The defendants argue that even if the plaintiffs have stated a claim subject to the Court's jurisdiction, jurisdiction should not be exercised because the issues raised by this suit are currently being litigated before the Arkansas Public Service Commission on an administrative complaint filed by Peter Cullins, also a plaintiff in this suit, on behalf of all residents of Bradley, Lafayette County, who have been refused phone service by the Walnut Hill Telephone Company. It is to this argument that the Court now turns.

The defendants allege, and the plaintiffs have not disputed, that Peter Cullins filed an administrative complaint with the Arkansas Public Service Commission (PSC) on December 12, 1978, on behalf of all residents of the community of Bradley, Lafayette County, Arkansas, who applied for service at the same time Cullins did, and had not been provided service. The PSC assigned the complaint number U–2993, and suggested that it be consolidated with case number U–2967, a case involving a broad investigation by the PSC of several complaints against the Walnut Hill Telephone Company. In response to this suggestion, Cullins filed with the PSC a pleading which raised the issue of discrimination on grounds of race. On May 8, 1979, the PSC entered a consolidation order. The defendants allege that these administrative complaints are still pending before the PSC and that hearings have been held.

The PSC has broad statutory authority to oversee the operations of public utilities such as the Walnut Hill Telephone Company. *Ark.Stat.Ann.* § 73–202(a) grants to the PSC the authority to supervise and regulate public utilities "and to do *all things*, whether herein specifically designated, that may be necessary or expedient" to carry out this function. § 73–115 gives the PSC the authority over "*all matters* pertaining to the regulation and operation of" telephone companies. Section 73–207 prohibits public utilities from granting "any unreasonable preference or advantage to any . . . person" or subjecting any person "to any unreasonable prejudice or disadvantage." The Supreme Court of Arkansas has interpreted the jurisdiction of the PSC over utility matters to be expansive, subject of course to statutory limitations. See, *e. g. Commercial Printing Co. v. Arkansas Power & Light Co.*, 250 Ark. 461, 466 S.W.2d 261 (1971); *McGehee v. Mid South Gas Co.*, 235 Ark. 50, 357 S.W.2d 282 (1962); *Independent Theatre Owners v. Arkansas Public Service Comm.*, 235 Ark. 668, 361 S.W.2d 642 (1962). Although there are no Arkansas cases which consider whether the PSC can investigate allegations of race discrimination and order the offending utility to

take correcting steps, the cited statutes give rise to a clear inference that the PSC has the power to take such action. The defendants argue that the PSC has in fact assumed jurisdiction to investigate the complaint of Peter Cullins that black persons have been denied phone service on account of race, and there is nothing in the current record to the contrary. Although the PSC apparently could not award damages if discrimination is found, it clearly could order the Walnut Hill Telephone Company to provide service to black persons on the same terms that service is provided to whites.

The defendants argue that because the PSC has assumed jurisdiction over the administrative complaint of Peter Cullins, this suit should be dismissed. The Court rejects the argument that the allegations of the complaint raise issues which are within the *exclusive* jurisdiction of the PSC. The plaintiffs ask for damages, and the PSC would have no authority to grant such relief. This Court may not refuse to exercise jurisdiction over a civil-rights complaint under 28 U.S.C. §§ 1343(3) and (4) merely because another tribunal also has jurisdiction to investigate violations of state law arising from the same facts. Under the Civil Rights Act, moreover, there is generally speaking no requirement that administrative remedies be exhausted prior to bringing suit. *Ellis v. Dyson*, 421 U.S. 426, 432–33, 95 S.Ct. 1691, 44 L.Ed.2d 274 (1975); *cf. Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

The defendants persuasively argue, however, that staying this suit would avoid unnecessary conflict with the administration by the State of Arkansas of its own affairs. Regulation of the operation of public utilities which operate intrastate has traditionally been a matter of special interest and local concern. The industry is heavily regulated by the State of Arkansas, and the defendants make a strong argument that, if this suit is not stayed, there is danger of unnecessary interference with a "unified and comprehensive state scheme for regulating a complex industry." *Zucker v. Bell Telephone Co.*, 373 F.Supp. 748 (D.C.

Pa.1974), *aff'd*, 510 F.2d 971 (3d Cir. 1975), *cert. denied*, 422 U.S. 1027, 95 S.Ct. 2621, 45 L.Ed.2d 684 (1975). "Few public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies . . ." *Alabama Public Service Commission v. Southern Ry. Co.*, 341 U.S. 341, 350, 71 S.Ct. 762, 768, 95 L.Ed. 1002 (1951).

It is the opinion of this Court that the PSC should be given an opportunity to act to correct any discrimination which might exist, and further proceedings in this Court will be held in abeyance pending determination of the PSC proceeding. The plaintiffs will not be harmed by such a delay. One of them has chosen the administrative process to address this problem, and although the PSC cannot give relief to the full extent requested by the complaint in this suit, the PSC can use its broad authority to resolve many of the factual issues this Court has been asked to resolve. This case would not in the ordinary course of this Court's docket be reached for trial sooner, in any event.

In conclusion, the motion to dismiss is denied. The plaintiffs have stated valid claims under 42 U.S.C. §§ 1981 and 1982, and the Court is unwilling to dismiss the pendent state-law claims on this scant record. The claims brought under §§ 1983, 1985, and 1986 are dismissed. Further proceedings will be held in abeyance pending a decision by the Public Service Commission on the administrative complaint of Peter Cullins. It follows that the plaintiffs' motion for an order compelling discovery must be, and it is hereby, denied without prejudice. The plaintiffs may renew it when this order holding further proceedings in abeyance is vacated. The parties should notify the Court immediately of any action taken by the PSC.