Antonio Padro VAZQUEZ et al, Plaintiff,

v.

**BAYAMON FEDERAL SAVINGS AND LOAN ASSOCIATION OF PUERTO RICO and Federal Home Loan Bank of New York, Defendants.**

Civ. No. 80–1704.

United States District Court, D. Puerto Rico.

July 29, 1980.

**114**

Rafael Carreras Valle, Rio Piedras, P. R., for plaintiff.

José R. Fornier-Torres, Bayamón, P. R., for Bayamón Federal Savings & Loan Association of P. R.

Jeffrey M. Werthan, Washington, D. C., for Federal Home Loan Bank of New York.

## DECISION AND ORDER

TORRUELLA, District Judge.

Plaintiff Antonio Padró Vázquez, in this civil rights action, claims violation of his rights to due process of law and equal protection of the laws under the Constitution of the Commonwealth of Puerto Rico and the Fifth and Fourteenth Amendments of the United States Constitution. He also brings suit under 42 U.S.C. § 1981 and § 1983. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1343(3), 1348, 1391(b), 2201 and 2202. Plaintiff asks for declaratory and injunctive relief, reinstatement to his former position and compensatory and punitive damages for himself, his wife and minor child, who are also Plaintiffs in this suit.

The facts, as stated in the complaint, are that Plaintiff Padró Vázquez was discharged from his position as a teller at the Bayamón Federal Savings & Loan Association's Branch Office after the sum of $1,000.00 disappeared from the bank. The money was found the next month; however, Bayamón Federal refused to reinstate Plaintiff.

Defendant Federal Home Loan Bank has moved for Judgment on the Pleadings while Defendant Bayamón Federal has moved for dismissal of the complaint. Both Motions are based on the lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Rule 12(b)(1) and (6) and Rule 12(c), (h)(2) and (3). Defendants also claim that the action is barred by the statute of limitations and the doctrine of *res judicata*.

In passing on a motion to dismiss, whether on grounds of lack of subject matter jurisdiction or for failure to state a cause of action, the allegations of the complaint shall be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *O'Brien v. DiGrazia*, 544 F.2d 543 (C.A. 1, 1976).

Plaintiffs have asserted jurisdiction pursuant to 28 U.S.C. §§ 1343(3), 1348, 1391(b), 2201 and 2202. The Court deems it

unnecessary to enter into a detailed discussion of §§ 1348, 1391(b), 2201 and 2202, as none of these sections give the Court jurisdiction in this action. § 1348 deals with actions "commenced by the United States or by direction of any officer thereof...."; § 1391(b) is a venue statute, inapplicable to the present controversy; and the Declaratory Judgment Act, §§ 2201 and 2202, does not create subject matter jurisdiction where none exists. *Alberta Gas Chemicals, Inc. v. Blumenthal*, 467 F.Supp. 1245 (U.S.Cust.Ct., 1979).

Plaintiffs' only hope then rests on 28 U.S.C. § 1343(3), the jurisdictional counterpart of § 1983, which provides that:

"The district court shall have original jurisdiction of any civil actions authorized by law to be commenced by any person:

.     .     .     .     .

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States."

■ The United States Supreme Court held in *Gómez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980) that:

"Only two allegations are required to state a cause of action under § 1983. First, Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law."[1]

Plaintiff Padró Vázquez claims that he fulfilled these two requirements by alleging that he has been deprived of a federal or constitutional right to due process of law by the two Defendant banks and that Defendants acted "under color of state law."

■ Defendant Federal Home Loan Bank of New York is one of twelve district banks throughout the United States, created by Congress in the Federal Home Loan Bank Act, 12 U.S.C. § 1421 et seq. Federal Home Loan Banks are defined as "federal instrumentalities." *Ass'n of Data Processing, etc. v. Federal Home Loan Bank*, 568 F.2d 478, 480 (C.A. 6, 1977); *Fahey v. O'Melveny & Myers*, 200 F.2d 420, 446 (C.A. 9, 1952). Therefore there can be no State action.

■ Even assuming *arguendo* that Plaintiffs have alleged some basis for jurisdiction here, they have not alleged any wrongdoing on the part of Federal Home Loan Bank of New York. Our Circuit demands that the complaint state with some minimal particularity how overt acts of the Defendants caused a legal wrong. *Pamel Corporation v. Puerto Rico Highway et al*, 621 F.2d 33 (C.A. 1, 1980); *Pavilonis v. King et al*, 626 F.2d 1075 (C.A. 1, 1980); *Fisher v. Flynn*, 598 F.2d 663, 665 (C.A. 1, 1979); *Kadar Corp. v. Milbury*, 549 F.2d 230 (C.A. 1, 1977). Plaintiffs only state that Defendant Federal Home Loan Bank does business with Codefendant Bayamón Federal. This allegation does not come close to explaining how this Defendant violated Plaintiff's civil rights much less establish *facts* which, if proven, would demonstrate any wrongdoing by Defendant Federal Home Loan Bank.

■ The other Defendant, Bayamón Federal Savings & Loan Association, is a federal savings and loan association chartered pursuant to the Home Owners' Loan Act, 12 U.S.C. § 1461 et seq., by the Federal Home Loan Bank Board, an agency of the United States. The Bank Board has issued detailed regulations governing "the operations of

---

1. A claim brought under § 1983 must prove acts "under color of state law." This provision has been treated as equivalent to the state action requirement of the Fourteenth Amendment. *U. S. v. Price*, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); *Magill v. Avonworth Baseball Conference*, 516 F.2d 1328 (C.A. 3, 1975).

Plaintiffs cite *Cody v. Union Electric*, 518 F.2d 978 (C.A. 8, 1975), to the effect that "State

action is not a prerequisite to a suit under the Civil Rights Statute." But a careful reading of that case shows that the Court was referring to a claim cognizable under 42 U.S.C. § 1981. Plaintiffs' complaint did not raise the issue of racial discrimination, the absence of which is fatal to any § 1981 claim. *Landrigan v. City of Warwick, et al.*, 628 F.2d 736 (C.A. 1, 1980).

every Federal savings and Loan association from its cradle to its corporate grave." *First Federal S. & L., Boston v. Greenwald*, 591 F.2d 417 (C.A. 1, 1970); *Kupiec v. Republic Federal Savings & Loan Association*, 512 F.2d 147, 150 (C.A. 7, 1975), citing *Meyers v. Beverly Hills Savings & Loan Ass'n*, 499 F.2d 1145 (C.A. 9, 1974); *Rettig v. Arlington Hgts. Fed. Sav. & Loan Ass'n*, 405 F.Supp. 819 (N.D.Ill.1975). In fact, "the cases are legion which hold that this preemptive delegation of authority to the Board extends to the internal operations of these institutions, *precluding any regulation or interference by the states.*" (Emphasis ours). *Home Federal S. & L. Ass'n. v. Ins. Dept. of Iowa*, 571 F.2d 423 (C.A. 8, 1978), citing *Rettig v. Arlington Hgts. Federal S. & L. Ass'n.*, supra. See *First Fed. S. & L., Boston v. Greenwald*, supra and cases cited at 426, fn. 16. Clearly, there is no possible state action involved in the challenged conduct of Bayamón Federal.

■ Plaintiffs also contend that a State's judicial proceedings involving their claims can be a form of State action for the purposes of § 1983, yet the complaint is void of allegations that the state courts applied a rule of law which violated Plaintiffs' civil rights, *N. Y. Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), or that the action of the state courts have denied Plaintiffs equal protection of the laws. *Shelley v. Kraemer*, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1947). "An open courthouse door does not, per se, constitute state action." *Weisser v. Medical Care Systems, Inc.*, 432 F.Supp. 1292 (E.D.Pa., 1977); *Girard v. 94th Street and Fifth Ave. Corporation*, 396 F.Supp. 450 (S.D.N.Y., 1975), aff'd 530 F.2d 66 (C.A. 2, 1976), cert. den. 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976).

■ Finally, we consider the question of a private cause of action. Plaintiffs have not alleged any violation of rights conferred by the Home Owners' Loan Act or the regulations enacted pursuant to it. In *Goldman v. First Federal Savings & Loan Ass'n*, 518 F.2d 1247 (C.A. 7, 1975) the Court examined the Act in the light of the Supreme Court decision in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 and held that:

"Since the Home Owner's Loan Act provides the Home Loan Bank Board with sweeping powers to enforce the Act and its regulations, 12 U.S.C. § 1464(d), it is perhaps arguable that no private cause of action can be implied.

"We further note that the opinion in *Milberg v. Lawrence Cedarhurst Federal Savings & Loan Association*, 496 F.2d 523 (C.A. 2, 1974), suggests that it may be necessary for the plaintiff to request the Home Loan Bank Board to take action against the defendant association under 12 U.S.C. § 1464(d) and that the Board refuse such a request before a private cause of action may be initiated."

It does not appear from the record that any effort was made to bring this complaint before the Board.

■ In view of the foregoing, this complaint fails to state a cause of action upon which relief can be granted.[2] Accordingly, Defendant Federal Home Loan Bank's Motion for Judgment on the Pleadings dismissing the action is GRANTED. Defendant Bayamón Federal's Motion to Dismiss is also GRANTED.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.

---

2. Inasmuch as we dismiss for failure to state a claim upon which relief can be granted, we do not reach Defendants' other arguments that the claims are barred by the statute of limitations and the doctrine of *res judicata*.

Furthermore, "in the absence of a substantial federal claim related to asserted state claims in such a way that the entire action may properly be deemed one "case", federal courts do not have jurisdiction over purely state claims." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Therefore, *dismissal of all federal claims before trial requires dismissal of the state claims alleged by Plaintiffs under the Constitution of the Commonwealth of Puerto Rico. Id.* at 726, 86 S.Ct. at 1139.