Ray Allen **TOLLETT**, Appellant,

v.

William F. **LAMAN** et al., Appellees.

No. 73–1649.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 17, 1974.

Decided June 3, 1974.

Rehearing Denied July 5, 1974.

James E. Davis, Texarkana, Ark., for appellant.

Sam Hilburn, North Little Rock, Ark., for appellees.

Before MATTHES, Senior Circuit Judge, HEANEY, Circuit Judge, and SMITH, Senior District Judge.*

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

HEANEY, Circuit Judge.

Ray Allen Tollett filed suit in the United States District Court for the Eastern District of Arkansas against four defendants—William F. Laman, Mayor of North Little Rock, Arkansas; James Gibbons, Captain of the Detective Bureau of the North Little Rock Police Department; Roy Pippin, Office Manager of the North Little Rock Electric Department; and Jim Harrison, a member of the North Little Rock Board of Investigators.[1] He alleged that the defendants, acting in their official capacities, violated 42 U.S.C. §§ 1983, 1985(3) and 1986, by conspiring to deprive him of two businesses he operated in North Little Rock. More specifically, he claimed: (1) that the revocation of his trailer park license under City Ordinance No. 2920 by the North Little Rock Board of Investigators on June 12, 1968, deprived him of property without due process of law; (2) that the revocation was a result of selective enforcement which denied him the equal protection of the laws; and (3) that the North Little Rock officials' refusal to make a "proper" investigation of, and their refusal to report a February, 1969, fire which destroyed his television repair shop to the Director of the Arkansas State Police denied him the equal protection of the laws.

An additional issue was litigated and decided by the trial court, *see,* Fed.R. Civ.P., 15(b): whether the alleged failure of the defendants to give Tollett a notice of intent to terminate electrical services to his trailer park and to provide a hearing with respect to such termination violated Tollett's right to procedural due process.

The District Court, after trial without a jury, entered a judgment dismissing the complaint with prejudice. Tollett appeals from that judgment.

■ The District Court properly found that neither 42 U.S.C. § 1985(3)

1. These positions are no longer held by any of the defendants.

nor § 1986 had been violated because Tollett's proof utterly failed to establish that two or more of the defendants conspired to deprive him of the equal protection of the laws. Each of Tollett's claims, however, is also cognizable under § 1983, and conspiracy is not an indispensable element under that section. The District Court, therefore, properly considered Tollett's claims under that section.

In considering Tollett's claims under § 1983, it is clear from the record that:

(1) the claims based on the failure to properly investigate and report the fire involve only Laman and Gibbons;

(2) the claim based on the termination of electrical service involves only Pippin; and

(3) the claims based on the revocation of the trailer park license and selective enforcement of the ordinance under which the license was revoked involve only Harrison.

It follows that dismissal as to each claim was proper as to the defendants not involved. We are left with the question, however, of whether the court erred in rendering judgment in favor of the defendants who were involved in the dismissed claims.

■ The trial court properly dismissed the fire claims as to Laman and Gibbons. Its findings that the investigation was undertaken in good faith and carried on honestly is supported by the record. Furthermore, Tollett's contention that the failure to report the fire constituted a denial of equal protection is without merit.

[4] The trial court properly dismissed the claim against Pippin based on termination of electrical services. The service regulations filed with the Public Service Commission of Arkansas permit the North Little Rock Electric Department to cancel a customer's service upon giving a customer notification that unless the balance due on his bill is paid within three days, a disconnection will be made. No attack on the validity of this regulation has been made, and we decline to reach the question *sua sponte*. Moreover, it is clear from the record that independent of the regulation, there was no violation of procedural due process. The plaintiff was three months delinquent in the payment of his bills; he had been notified that his power would be cut off unless he paid them; he discussed the matter with a company official and then failed to make payment.[2]

■■ The trial court properly dismissed Tollett's claim of selective and discriminatory enforcement of City Ordinance No. 2920. While the record reveals that no other revocations have occurred in North Little Rock and that other trailer parks were at various times not in compliance with parts of the ordinance, it does not indicate that there was intentional or purposeful discrimination. Such a showing is generally required to establish a claim of selective enforcement of a law. *See*, Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); K. Davis, Discretionary Justice, A Preliminary Inquiry 162 (1970); Comment, 61 Colum.L.Rev. 1103, 1113 (1961).

■ The question of whether Tollett's claim against Harrison for voting to revoke his trailer park license was properly dismissed remains.[3] The trial

---

2. A number of the Courts of Appeals have recently outlined varying procedural due process requirements with which public utilities must comply prior to terminating service to customers. *See, e.g.*, Jackson v. Metropolitan Edison Company, 483 F.2d 754 (3rd Cir. 1973); Palmer v. Columbia Gas of Ohio, Inc., 479 F.2d 153 (6th Cir. 1973); Lucas v. Wisconsin Electric Power Company, 466 F.2d 638 (7th Cir. 1972) (En Banc), cert. denied, 409 U.S. 1114, 93 S.Ct. 928, 34 L.Ed.2d 696 (1973).

3. It is implicit from the District Court's action in proceeding to the merits of this claim, that it was of the view that notice and an opportunity for a hearing before revocation of Tollett's license became finally effective was required to conform with the demands of procedural due process. We

court dismissed the claim on the grounds that the chairman of the Board of Investigators advised plaintiff in writing on June 12, 1968, that his license had been revoked for the following reasons:

\* \* \* (1) the poor condition of the sewer system; (2) noncompliance with fire prevention and protection regulations dealing with the spacing of trailers; and (3) the poor condition of the road in the trailer park. Petitioner was advised that the trailers must be moved if no corrective action was taken within 30 days.

■ The finding that Tollett was notified of the revocation cannot be sustained. Tollett denied receiving the June 12th letter from the Board of Investigators notifying him that his license had been revoked pursuant to Section 13[4] of City Ordinance No. 2920, and informing him of his rights to a hearing and court review pursuant to Sections 14 and 15[5] of the ordinance.[6]

The only testimony offered by the defendants to establish that Tollett had been notified was that of Harrison. He testified that the Board of Investigators *wrote* Tollett a letter on June 12, 1968, revoking the license. A copy of that letter, signed by James Murray, Chairman of the Board of Investigators, was received in evidence. The testimony and the exhibit were insufficient to establish that the notice was mailed let alone received by Tollett. *See*, Leasing Associates, Inc. v. Slaughter & Son, Inc., 450 F.2d 174 (8th Cir. 1971).

■ Tollett, thus, established that his trailer park license was revoked without notice and in violation of his rights to procedural due process. This finding, alone, however, does not permit us to conclude that Tollett is entitled to recover damages from Harrison. Three questions must be answered before that conclusion can be reached: (1) Was Harrison responsible for the failure of

---

agree. *See*, Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

4. SECTION 13. *Revocation and Suspension.* (a) The Board of Investigators is hereby authorized to revoke any license issued pursuant to the terms of this ordinance if after due investigation they determine that the holder thereof has violated any of the provisions of this ordinance or that any trailer, trailer camp, or tourist camp is being maintained in an unsanitary or unsafe manner or is a nuisance.

5. SECTION 14. *Hearing on Granting, Denial, Renewal, or Revocation of License.* Any person aggrieved by an order of the Board of Investigators granting, denying, renewing or revoking a license for a trailer camp or tourist camp, under this ordinance, may file a written request for a hearing before the Board within ten (10) days after issuance of such order. The Board shall give notice of a public hearing upon this request to be held in not less than five (5) days after service of the notice on the person requesting the hearing. The Board may also give notice of the hearing to other persons directly interested in the order in question. At such hearing, the Board shall determine whether the granting, denial, renewal, or revocation of the license was in accordance with the provisions of this ordinance and shall issue a written findings of fact, conclusions of law

and an order to carry out its findings and conclusions. These findings of fact, conclusions of law, and order shall be filed with the Secretary of the Board and served by the Board upon all parties appearing or represented at said hearing.

SECTION 15. *Court Review.* Any order either granting, denying, renewing or revoking any license under the provisions of this ordinance may be appealed to the Circuit Court in the same manner as appeals from any order under the building or zoning ordinances of the City of North Little Rock. Appeals from such orders must be taken within ten (10) days after the order is issued. Upon any such appeal the findings of fact of the Board of Investigators, if supported by substantial evidence, shall be conclusive.

6. Although the ordinance provides for a hearing only after a license has been revoked, Tollett did not challenge the constitutionality of the ordinance. On the facts of this case where the revocation did not become effective until thirty days after notice was supposed to have been given and an opportunity for a hearing prior to the expiration of this period was available, we believe that procedural due process requirements would have been complied with had notice to Tollett actually been given. *See* Bell v. Burson, *supra.*

the Board of Investigators to notify Tollett that his trailer park license had been revoked; (2) if he was responsible, is the defense of good faith available to him; and (3) if he was responsible and if the defense of good faith is not available to him, what damages, if any, did Tollett suffer as a result of the failure to notify him that his trailer park license had been revoked. We remand to the District Court with instructions to it to take such additional testimony, if any, that it feels is necessary for it to answer these questions and to make its final decision with respect to whether Harrison is liable to Tollett for violating his constitutional rights and, if so, the extent to which Tollett has been damaged.

Tollett's request for attorney's fees is denied. Each party will bear his own costs of appeal.

Affirmed in part, reversed in part and remanded to the District Court for action consistent with this opinion.