Millard SCUDDER, Plaintiff-Appellant,

v.

TOWN OF GREENDALE, INDIANA, et al., Defendants-Appellees.

No. 82–1978.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 3, 1983.

Decided April 8, 1983.

Donald B. Mackay, Schippers & Mackay, Chicago, Ill., for plaintiff-appellant.

Paul Hirsch, Haymaker, Hirsch & Fink, Indianapolis, Ind., for defendants-appellees.

Before POSNER and COFFEY, Circuit Judges, and NEAHER,* Senior District Judge.

COFFEY, Circuit Judge.

The plaintiff-appellant Millard Scudder brought suit under 42 U.S.C. section 1983 alleging that the defendants, the Town of Greendale, Indiana, its Board of Trustees and a private individual, conspired to violate the plaintiff's constitutional rights in denying him a permit to construct houses on a certain piece of real estate. The district court granted summary judgment in favor of the defendants. We affirm.

## I.

On November 10, 1978, the plaintiff Scudder acquired title to a piece of real estate located · in Greendale, Indiana. Shortly after obtaining title to the real estate, Scudder filed applications with the Greendale Board of Trustees for permits to build two residences. While the building permit applications were pending, Larry Weaver, the owner of an adjacent piece of real estate, submitted a letter to the Greendale Board of Trustees asking that Scudder's request for permits to build on the lot in question be denied. The letter submitted by Weaver, a private citizen who holds no position in the Greendale town government,[1] constitutes his sole involvement in the so-called "conspiracy to deprive the plaintiff of his constitutionally protected property rights." The Board of Trustees denied the applications "because the loca-

---

* The Honorable Edward R. Neaher, Senior Judge of the United States District Court for the Eastern District of New York, is sitting by designation.

1. Private parties may be liable under 42 U.S.C. section 1983 where they have been jointly engaged with public officers in the denial of civil rights. *Tarkowski v. Robert Bartlett Realty Co.,* 644 F.2d 1204, 1206 (7th Cir.1980).

tion does not front on a dedicated street," basing their decision on Article III, Section 4 of the Town of Greendale's Ordinances which states:

"Every building hereafter erected shall be located on a lot which fronts a street."

The plaintiff subsequently submitted another application for a permit to build a single residence on the real estate. The Greendale Board denied this third application on the same basis that Scudder's lot did not front on a street.

After Scudder's requests for building permits had been denied, he failed to avail himself of state administrative and judicial remedies established by the Indiana legislature for review of zoning decisions.[2] Instead, the plaintiff filed a complaint in the district court for the Southern District of Indiana alleging violations of his federal constitutional rights. The gravamen of the complaint recites:

"Defendants have unlawfully denied or caused to be denied plaintiff's Application for Building Permits Nos. 1132 and 1133 and have refused to grant Application for Building Permits Nos. 1135 and 1136 in furtherance of their conspiracy to deny plaintiff's rights of ingress to and egress from his property, his right to use said property for lawful purposes, and their conspiratorial purpose of protecting defendant Larry Weaver's unlawful exclusive use of the segment of Canal Road abutting plaintiff's property.

\*　\*　\*　\*　\*　\*

"Defendants by their foregoing acts in furtherance of their unlawful conspiracy

have denied plaintiff his right lawfully to use and enjoy his real property and his right of equal access to said real property in violation of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States." [3]

While this suit was pending in the district court, Scudder's counsel's license to practice law was revoked by the Indiana Supreme Court and the plaintiff chose to proceed *pro se* in this case. Before trial, after completion of discovery, both the plaintiff and the defendants moved for summary judgment. In support of his motion for summary judgment, the plaintiff submitted affidavits which in effect merely restated in conclusory terms the complaint's allegation that he had been the victim of an unlawful conspiracy to deprive him of the use and enjoyment of his property.[4] In support of their motion for summary judgment, the defendants submitted a plat map showing that the real estate in question does not front on a street, although the lot does adjoin a right-of-way easement which in turn leads to a public street, Craig Avenue. The accuracy of the plat map is not disputed.

On May 24, 1982, the district court granted summary judgment in favor of the defendants, stating "that the present case clearly requires exhaustion of state remedies."

## II.

The Supreme Court's opinion in *Patsy v. Board of Regents of the State of*

2. *Ind.Code* section 36–7–4–919 (1981) provides that an appeal from a decision of a board charged with the enforcement of any zoning ordinance shall be filed with the Board of Zoning Appeals. The decision of this Board is in turn reviewable by certiorari to the circuit or superior court of the county in which the premises affected are located. *Ind.Code* section 36–7–4–1003 (1981). A final judgment of the circuit or superior court may be appealed to the Indiana Court of Appeals. *Ind.Code* section 36–7–4–1011 (1981).

3. Although the complaint refers to Canal Road, the record demonstrates that Weaver's property in fact abuts Craig Avenue.

4. For example, Scudder's affidavit in support of his motion for summary judgment recited:

"2. That defendants Town of Greendale, Indiana, Dave Rader, Alfred Uhlman, Linda Gray and Edward F. Fehling denied affiant's applications for building permits nos. 1132 and 1133 on the purported ground that the real estate of affiant does not front on a street pursuant to Article III, Section 4 of the General Zoning Ordinance of the Town of Greendale, Indiana."

*Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), decided after the district court granted summary judgment in the instant case, makes it clear that exhaustion of state remedies is not a condition precedent to bringing suit in federal court under 42 U.S.C. section 1983. In *Patsy,* the Court stated:

> "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to section 1983. We decline to overturn our prior decisions holding that such exhaustion is not required."

*Id.* at 2568.

We affirm the district court's order granting summary judgment in favor of the defendants on the ground that the plaintiff has failed to state a claim under 42 U.S.C. section 1983, rather than on the district court's rationale of failure to exhaust state remedies, which is governed by the *Patsy* decision.

It is important to note that the plaintiff concedes the validity of Article III, section 4 of the Greendale Ordinances which provides:

> "Every building hereafter erected shall be located on a lot which fronts on a street."

Moreover, the record clearly establishes that the lot upon which the plaintiff desired to build does not front on a street. Nevertheless, the plaintiff contends the Board of Trustees' application of the admittedly valid ordinance, under some theory somehow deprived him of his constitutional rights, although he does not disclose any legal theory to support his allegations. In support of his motion for summary judgment,[5] the plaintiff submitted his own affidavits which merely restated the accusations that the Board of Trustees had conspired with the adjoining property owner, Weaver, to deprive him (Scudder) of the use and enjoyment of his property.

■ Since the plaintiff did not challenge the validity of the Greendale Ordinance itself and fails to recite any logical or legal reasoning to support his allegations, his claim is presumably founded on the theory that the ordinance was applied or enforced in an unconstitutional manner. It is well settled that enforcement of an otherwise valid zoning ordinance violates the Constitution only if: (1) the decision of the particular zoning body is arbitrary, *South Gwinnett Venture v. Pruitt,* 491 F.2d 5, 7 (5th Cir.) (en banc), *cert. denied,* 419 U.S. 837, 95 S.Ct. 66, 42 L.Ed.2d 64 (1974); or (2) if the ordinance is applied or enforced with a discriminatory intent or purpose. *Tarkowski v. Robert Bartlett Realty Co.,* 644 F.2d 1204 (7th Cir.1980). As discussed more fully below, the record contains no evidence to demonstrate that the Greendale Board of Trustees' decision to deny Scudder a building permit was either arbitrary or discriminatory.

■ A particular decision or action is "arbitrary" if it is reached "without adequate determining principle or was unreasoned." *United States v. Carmack,* 329 U.S. 230, 243, 67 S.Ct. 252, 258, 91 L.Ed. 209 (1946). *See also, United States ex rel. O'Connor v. MacDonald,* 449 F.Supp. 291, 296 (N.D.Ill.1978); BLACK'S LAW DICTIONARY 96 (5th Ed.1979). Applying this definition, it is clear that the Board of Trustees did not act arbitrarily in denying Scudder a building permit as (1) a valid Town of Greendale ordinance prohibits the erection of buildings on lots which do not front on a street; and (2) the lot in question does not front a street. Thus, the Board's decision was a reasoned application of an "adequate determining principle" (the town ordinance) and therefore was not arbitrary.

Similarly, the record is silent of any evidence to support the plaintiff's theory that the ordinance was applied in a discriminatory manner. As this court in *Tarkowski v. Robert Bartlett Realty Co.,* 644 F.2d 1204, 1206 (7th Cir.1980) stated:

> "a claim under section 1983 for discriminatory enforcement of zoning regulations must involve an element of 'intentional or purposeful discrimination.' *Snowden v. Hughes,* 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88

---

**5.** Both the plaintiff and the defendants moved for summary judgment.

L.Ed. 497; *Tollet v. Laman,* 497 F.2d 1231 (8th Cir.1974). There must be allegations of 'unfair and discriminatory conduct purposefully directed toward plaintiffs.'" In *Snowden v. Hughes,* 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944), the Supreme Court set forth how "intentional or purposeful discrimination" in the enforcement of a valid law or ordinance may be shown:

> "[Intentional or purposeful discrimination] may appear on the face of the action taken with respect to a particular class or person, or it may only be shown by extrinsic evidence showing a discriminatory design to favor one individual or class over another not to be inferred from the action itself. But a discriminatory purpose is not presumed, there must be a showing of 'clear and intentional discrimination.'" (citations omitted).

The record in this case is completely devoid of any evidence upon which to base even an inference of "clear and intentional discrimination" on the part of the Board of Trustees.[6] The plaintiff puts great emphasis on the fact that Weaver, the adjoining landowner, submitted a letter to the Board asking that they deny Scudder a permit to build on the lot in question. Certainly, the federal Constitution does not prohibit a citizen in a democratic society from voicing an opinion to a duly elected official regarding the denial or issuance of a building permit.

Our review of the record fails to reveal any evidence of "clear and intentional discrimination" on the part of the defendants; in fact, the Greendale Board had in the past granted Scudder at least twenty-eight other permits to build on other lots, thus demonstrating that the Trustees were not discriminating against him individually in denying him an opportunity to build on this particular parcel of real estate. Rather, the Board of Trustees' denial of a permit to build on the lot in question is merely an example of

a local zoning board applying a valid ordinance in a proper manner.

We conclude that Scudder's claim is totally without merit. Were we to accept the plaintiff's argument that a mere denial of an application for a building permit, in a fact situation such as this, *per se* constitutes a violation of the federal Constitution, virtually every routine denial of the building permit would become a potential federal case. We decline to adopt such a ridiculous position as "it is 'not the function of federal district courts to serve as zoning appeals boards ....'" *Nasser v. City of Homewood,* 671 F.2d 432, 440 (11th Cir.1982). Availability of federal review of every zoning decision would only serve to further congest an already overburdened federal court system, a result which the Supreme Court recently cautioned against:

> "First, the existence of the statutory cause of action means that every expansion of constitutional rights [through section 1983] will increase the caseload of already overburdened federal courts. This increase dilutes the ability of federal courts to defend our most significant rights. Second, every [such] expansion ... displaces state lawmaking authority by diverting decision-making to the federal courts."

*Parratt v. Taylor,* 451 U.S. 527, 554 n. 13, 101 S.Ct. 1908, 1922, n. 13, 68 L.Ed.2d 420 (1981) (Powell, J., concurring) (quoting Whitman, Constitutional Torts, 79 Mich.L. Rev. 5, 25 (1980)).

In summary, we hold that Scudder has failed to state a claim for relief under 42 U.S.C. section 1983. Based on the obvious frivolousness of the present appeal, we invite the defendant to file a motion for damages and costs pursuant to Fed.R. App.P. 38.[7] The decision of the district court granting summary judgment in favor of the defendants is AFFIRMED.

---

**6.** There is no indication in the record that Scudder is a member of any minority group, be it racial or ethnic.

**7.** Fed.R.App.P. 38 provides:

> "Rule 38. Damages for Delay
> "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."