762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT J. KONDRAT, PLAINTIFF-APPELLANT,
v.
BARRY M. BYRON; MELVIN G. SCHAEFER; GEORGE KRAINCIC,
DEFENDANTS-APPELLEES.
 NO. 84-3624
 United States Court of Appeals, Sixth Circuit.
 4/17/85
 
 ORDER
 BEFORE: KENNEDY and CONTIE; Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 Kondrat appeals pro se from the district court's grant of summary judgment in favor of the defendants in this civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Kondrat is a resident of Willoughby Hills, Ohio. The defendants are the mayor, a city councilman, and the law director of the city. Kondrat's complaint alleges that the defendants caused the value of his property to decline by failing to prevent a neighbor's property from becoming an eyesore. Kondrat raised state law, due process, and equal protection claims.
 
 
 3
 The district court held that Kondrat's state law claim was barred by the doctrine of res judicata. We agree with this conclusion, and we also hold that Kondrat's entire complaint was barred by res judicata. The Supreme Court has held that a federal court under Sec. 1983 must apply the state law of res judicata. Migra v. Warren City School Dt. Bd. of Ed., ---- U.S. ----, 104 S.Ct. 892, 898 (1984). The state of Ohio applies a broad doctrine of res judicata that bars any issue that could have been raised in an earlier suit. Johnson's Island, Inc. v. Bd. of Twp. Trustees, 69 Ohio St.2d 241, 244 (1982). Therefore, the earlier suit that Kondrat filed in state court against these same defendants on the state law claim would also bar his federal claims under Sec. 1983.
 
 
 4
 Even if his claims were not barred by res judicata, the judgment of the district court would still be affirmed. The only issue which Kondrat raises on appeal is the equal protection issue. The enforcement of an otherwise valid ordinance only violates the equal protection clause if the ordinance is applied or enforced with a discriminatory intent or purpose. Scudder v. Town of Greendale, 704 F.2d 999, 1002 (7th Cir. 1983). This intent or purpose must be based on an unjustifiable standard such as race, religion, or other arbitrary classification. Teague v. Alexander, 662 F.2d 79, 83 (D.C. Cir. 1981).
 
 
 5
 Here Kondrat's complaint contains only conclusory allegations that the defendants acted with a discriminatory intent and contains no allegations that the actions were based on an unjustifiable standard such as race, religion, or other arbitrary classification. So there is no valid equal protection clause issue here.
 
 
 6
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.